72 U.S. 290 (____)
5 Wall. 290
CHRISTMAS
v.
RUSSELL.
Supreme Court of United States.

*293 Messrs. Carlisle and McPherson, for the plaintiff in error.
Mr. Ashton, contra.
*298 Mr. Justice CLIFFORD delivered the opinion of the court.
Wilson, on the eleventh day of November, 1857, recovered judgment in one of the county courts in the State of Kentucky, against the plaintiff in error, for the sum of five thousand six hundred and thirty-four dollars and thirteen cents, which, on the thirty-first day of March, 1859, was affirmed in the Court of Appeals. Present record shows that the action in that case was assumpsit, and that it was founded upon a certain promissory note, signed by the defendant in that suit, and dated at Vicksburg, in the State of Mississippi, on the tenth day of March, 1840, and that it was payable at the Merchants' Bank, in New Orleans, and was duly indorsed to the plaintiff by the payee. Process was duly served upon the defendant, and he appeared in the case and pleaded to the declaration. Several defences were set up, but they were all finally overruled, and the verdict and judgment were for the plaintiff.
On the fourth day of June, 1854, the prevailing party in that suit instituted the present suit in the court below, which was an action of debt on that judgment, as appears by the transcript. Defendant was duly served with process, and appeared and filed six pleas in answer to the action. Reference, however, need only be particularly made to the second and fourth, as they embody the material questions presented for decision. Substance and effect of the second plea were that the note, at the commencement of the suit in Kentucky, was barred by the statute of limitations of Mississippi, the defendant having been a domiciled citizen of that State when the cause of action accrued, and from that time to the commencement of the suit.
Fourth plea alleges that the judgment mentioned in the *299 declaration was procured by the fraud of the plaintiff in that suit. Plaintiff demurred to these pleas, as well as to the fifth and sixth, and the court sustained the demurrers.
First plea was nul tiel record, but the finding of the court under the issue joined, negatived the plea.
Third plea was payment, to which the plaintiff replied, and the jury found in his favor.
II. 1. Resting upon his second and fourth pleas, the defendant sued out this writ of error, and now seeks to reverse the judgment, upon the ground that the demurrers to those pleas should have been overruled. Views of the defendant were, and still are, that the second plea is a valid defence to the action on the judgment, under the statute of Mississippi passed in February, 1857, and found in the code of that State which went into effect on the first day of November of that year. By that statute it was enacted that "no action shall be maintained on any judgment or decree rendered by any court without this State against any person who, at the time of the commencement of the action in which such judgment or decree was or shall be rendered, was or shall be a resident of this State, in any case where the cause of action would have been barred by any act of limitation of this State, if such suit had been brought therein."[*]
Material facts are that the defendant, being a citizen and resident of Mississipi, made the note to the payee, who indorsed the same to the plaintiff, a citizen and resident of Kentucky. Such causes of action are barred by limitation, under the Mississippi statute, in six years after the cause of action accrues. Some time in 1853 the defendant went into Kentucky on a visit, and while there was sued on the note. He pleaded, among other pleas, the statute of limitations of Mississippi, and, on the first trial, a verdict was found in his favor; but the judgment was reversed on appeal, and at the second trial the verdict and judgment were for the plaintiff.
2. Undoubtedly, the second plea in this case is sufficient in form, and it is a good answer to the action if the statute *300 under which it was framed is a valid law. Plaintiff in error suggests that it should be considered as a statute of limitations; and, if it were possible to regard it in that light, there would be little or no difficulty in the case. Statutes of limitation operating prospectively do not impair vested rights or the obligation of contracts. Reasons of sound policy have led to the adoption of limitation laws, both by Congress and the States, and, if not unreasonable in their terms, their validity cannot be questioned. Consequently, it was held by this court, in the case of Elmoyle v. Cohen,[*] that the statute of limitations of Georgia might be pleaded to an action in that State founded upon a judgment rendered in the State Court of South Carolina. Cases, however, may arise where the provisions of the statute on that subject may be so stringent and unreasonable as to amount to a denial of the right, and in that event a different rule would prevail, as it could no longer be said that the remedy only was affected by the new legislation.[]
3. But the provision under consideration is not a statute of limitations as known to the law or the decisions of the courts upon that subject. Limitation, as used in such statutes, means a bar to the alleged right of the plaintiff to recover in the action created by or arising out of the lapse of a certain time after the cause of action accrued, as appointed by law.[]
Looking at the terms of this provision, it is quite obvious that it contains no element which can give it any such character. Plain effect of the provision is to deny the right of the judgment creditor to sue at all, under any circumstances, and wholly irrespective of any lapse of time whatever, whether longer or shorter. No day is given to such a creditor, but the prohibition is absolute that no action shall be maintained on any judgment or decree falling within the conditions set forth in the provision. Those conditions are addressed, not to the judgment, but to the cause of action *301 which was the foundation of the judgment. Substantial import of the provision is that judgments recovered in other States against the citizens of Mississippi shall not be enforced in the tribunals of that State, if the cause of action which was the foundation of the judgment would have been barred in her tribunals by her statute of limitations.
Nothing can be plainer than the proposition is, that the judgment mentioned in the declaration was a valid judgment in the State where it was rendered. Jurisdiction of the case was undeniable, and the defendant being found in that jurisdiction, was duly served with process, and appeared and made full defence. Instead of being a statute of limitations in any sense known to the law, the provision, in legal effect, is but an attempt to give operation to the statute of limitations of that State in all the other States of the Union by denying the efficacy of any judgment recovered in another State against a citizen of Mississippi for any cause of action which was barred in her tribunals under that law. Where the cause of action which led to the judgment was not barred by her statute of limitations the judgment may be enforced; but if it would have been barred in her tribunals, under her statute, then the prohibition is absolute that no action shall be maintained on the judgment.
4. Article four, section one, of the Constitution provides, that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. And the Congress may, by general laws, prescribe the manner in which such records shall be proved, and the effect thereof." Congress has exercised that power, and in effect provided that the judicial records in one State shall be proved in the tribunals of another, by the attestation of the clerk, under the seal of the court, with the certificate of the judge that the attestation is in due form. 2. That such records so authenticated "shall have such faith and credit given to them in every other court in the United States as they have by law or usage in the courts of the State from whence the said records were or shall be taken."[*]
*302 When the question of the construction of that act of Congress was first presented to this court it was argued that the act provided only for the admission of such records as evidence; that it did not declare their effect; but the court refused to adopt the proposition, and held, as the act expressly declares, that the record, when duly authenticated, shall have in every other court of the United States the same faith and credit as it has in the State court from whence it was taken.[*]
Repeated decisions made since that time have affirmed the same rule, which is applicable in all similar cases where it appears that the court had jurisdiction of the cause, and that the defendant was duly served with process, or appeared and made defence.[] Where the jurisdiction has attached the judgment is conclusive for all purposes, and is not open to any inquiry upon the merits.[] Speaking of the before mentioned act of Congress, Judge Story says it has been settled, upon solemn argument, that that enactment does declare the effect of the records as evidence when duly authenticated... . "If a judgment is conclusive in the State where it was pronounced, it is equally conclusive everywhere" in the courts of the United States.[§]
5. Applying these rules to the present case, it is clear that the statute which is the foundation of the second plea in this case is unconstitutional and void as affecting the right of the plaintiff to enforce the judgment mentioned in the declaration. Beyond all doubt the judgment was valid in Kentucky and conclusive between the parties in all her tribunals. Such was the decision of the highest court in the State, and it was undoubtedly correct; and if so, it is not competent for any other State to authorize its courts to open the merits and review the cause, much less to enact that such a judgment shall not receive the same faith and *303 credit that by law it had in the State courts from which it was taken.
II. 1. Second error assigned is that the court erred in sustaining the demurrer to the fourth plea, which alleged that the judgment was procured by the fraud of the plaintiff. First proposition assumed by the present defendant is, that the plea is defective and insufficient, because it does not set forth the particular acts of the plaintiff which are the subject of complaint. But the substance of the plea, if allowable at all, is well enough under a general demurrer, as in this case. Whether general or special, a demurrer admits all such matters of fact as are sufficiently pleaded, and to that extent it is a direct admission that the facts as alleged are true.[*]
Where the objection is to matter of substance, a general demurrer is sufficient; but where it is to matter of form only, a special demurrer is necessary. Demurrers, says Chitty, are either general or special: general, when no particular cause is alleged; special, when the particular imperfection is pointed out and insisted upon as the ground of demurrer. The former will suffice when the pleading is defective in substance, and the latter is requisite where the objection is only to the form of the pleading.[] Obviously the objection is to the form of the plea, and is not well taken by a general demurrer.
2. But the second objection is evidently to the substance of the plea, and therefore is properly before the court for decision. Substance of the second objection of the present defendant to the fourth plea is, that inasmuch as the judgment is conclusive between the parties in the State where it was rendered, it is equally so in every other court in the United States, and consequently that the plea of fraud in procuring the judgment is not a legal answer to the declaration. Principal question in the case of Mills v. Duryee was whether nil debet was a good plea to an action founded on a judgment of another State. Much consideration was given *304 to the case, and the decision was that the record of a State court, duly authenticated under the act of Congress, must have in every other court of the United States such faith and credit as it had in the State court from whence it was taken, and that nil debet was not a good plea to such an action.
Congress, say the court, have declared the effect of the record by declaring what faith and credit shall be given to it. Adopting the language of the court in that case, we say that the defendant had full notice of the suit, and it is beyond all doubt that the judgment of the court was conclusive upon the parties in that State. "It must, therefore, be conclusive here also." Unless the merits are open to exception and trial between the parties, it is difficult to see how the plea of fraud can be admitted as an answer to the action.
3. Domestic judgments, under the rules of the common law, could not be collaterally impeached or called in question if rendered in a court of competent jurisdiction. It could only be done directly by writ of error, petition for new trial, or by bill in chancery. Third persons only, says Saunders, could set up the defence of fraud or collusion, and not the parties to the record, whose only relief was in equity, except in the case of a judgment obtained on a cognovit or a warrant of attorney.[*]
Common law rules placed foreign judgments upon a different footing, and those rules remain, as a general remark, unchanged to the present time. Under these rules a foreign judgment was prima facie evidence of the debt, and it was open to examination not only to show that the court in which it was rendered had no jurisdiction of the subject-matter, but also to show that the judgment was fraudulently obtained. Recent decisions, however, in the parent country, hold that even a foreign judgment is so far conclusive upon a defendant that he is prevented from alleging that the promises upon which it is founded were never made or were obtained by fraud of the plaintiff.[]
*305 4. Cases may be found in which it is held that the judgment of a State court, when introduced as evidence in the tribunals of another State, are to be regarded in all respects as domestic judgments. On the other hand, another class of cases might be cited in which it is held that such judgments in the courts of another State are foreign judgments, and that as such the judgment is open to every inquiry to which other foreign judgments may be subjected under the rules of the common law. Neither class of these decisions is quite correct. They certainly are not foreign judgments under the Constitution and laws of Congress in any proper sense, because they "shall have such faith and credit given to them in every other court within the United States as they have by law or usage in the courts of the State from whence" they were taken, nor are they domestic judgments in every sense, because they are not the proper foundation of final process, except in the State where they were rendered. Besides, they are open to inquiry as to the jurisdiction of the court and notice to the defendant; but in all other respects they have the same faith and credit as domestic judgments.[*]
Subject to those qualifications, the judgment of a State court is conclusive in the courts of all the other States wherever the same matter is brought in controversy. Established rule is, that so long as the judgment remains in force it is of itself conclusive of the right of the plaintiff to the thing adjudged in his favor, and gives him a right to process, mesne or final, as the case may be, to execute the judgment.[]
5. Exactly the same point was decided in the case of Benton v. Burgot,[] which, in all respects, was substantially like the present case. The action was debt on judgment recovered in a court of another State, and the defendant appeared and pleaded nil debet, and that the judgment was obtained by fraud, imposition, and mistake, and without consideration. *306 Plaintiff demurred to those pleas, and the court of original jurisdiction gave judgment for the defendant. Whereupon the plaintiff brought error, and the Supreme Court of the State, after full argument, reversed the judgment and directed judgment for the plaintiff. Domestic judgments, say the Supreme Court of Maine, even if fraudulently obtained, must nevertheless be considered as conclusive until reversed or set aside.[*] Settled rule, also, in the Supreme Court of Ohio, is that the judgment of another State, rendered in a case in which the court had jurisdiction, has all the force in that State of a domestic judgment, and that the plea of fraud is not available as an answer to an action on the judgment. Express decision of the court is, that such a judgment can only be impeached by a direct proceeding in chancery.[]
Similar decisions have been made in the Supreme Court of Massachusetts, and it is there held that a party to a judgment cannot be permitted in equity, any more than at law, collaterally to impeach it on the ground of mistake or fraud, when it is offered in evidence against him in support of the title which was in issue in the cause in which it was recovered.[] Whole current of decisions upon the subject in that State seems to recognize the principle that when a cause of action has been instituted in a proper forum, where all matters of defence were open to the party sued, the judgment is conclusive until reversed by a superior court having jurisdiction of the cause, or until the same is set aside by a direct proceeding in chancery.[§] State judgments, in courts of competent jurisdiction, are also held by the Supreme Court of Vermont to be conclusive as between the parties until the same are reversed or in some manner set aside and annulled. Strangers, say the court, may show that they were collusive or fraudulent; but they bind parties and privies.[]
*307 Redfield, Ch. J., said, in the case of Hammond v. Wilder,[*] that there was no case in which the judgment of a court of record of general jurisdiction had been held void, unless for a defect of jurisdiction. Less uniformity exists in the reported decisions upon the subject in the courts of New York, but all those of recent date are to the same effect. Take, for example, the case of Embury v. Conner,[] and it is clear that the same doctrine is acknowledged and enforced. Indeed, the court, in effect, say that the rule is undeniable that the judgment or decree of a court possessing competent jurisdiction is final, not only as to the subject thereby determined, but as to every other matter which the parties might have litigated in the cause, and which they might have had decided.[] Same rule prevails in the courts of New Hampshire, Rhode Island, and Connecticut, and in most of the other States.[§]
For these reasons our conclusion is, that the fourth plea of the defendant is bad upon general demurrer, and that there is no error in the record. The judgment of the Circuit Court is, therefore,
AFFIRMED WITH COSTS.
NOTES
[*] Mississippi Code, 400.
[*] 13 Peters, 312.
[] Bronson v. Kinzie et al., 1 Howard, 315; Angell on Limitations, 18.
[] Bouvier's Dictionary, title Limitation.
[*] 1 Stat. at Large, 122; D'Arcy v. Ketchum et al., 11 Howard, 175.
[*] Mills v. Duryee, 7 Cranch, 483.
[] Hampton v. McConnel, 3 Wheaton, 332; Nations et al. v. Johnson et al., 24 Howard, 203; D'Arcy v. Ketchum, 11 Id. 165; Webster v. Reid, Id. 460.
[] Bissell v. Briggs, 9 Massachusetts, 462; United States Bank v. Merchants' Bank, 7 Gill, 430.
[§] 2 Storv on Constitution (3d ed.), § 1313.
[*] Nowlan v. Geddes, 1 East, 634; Gundry v. Feltham, 1 Term, 334; Stephens on Pleading, 142.
[] 1 Chitty's Pleading, 663; Snyder v. Croy, 2 Johnson, 428.
[*] 2 Saunders on Pleading and Evidence, part 1, p. 63.
[] Bank of Australasia v. Nias, 4 English Law and Equity, 252.
[*] D'Arcy v. Ketchum et al., 11 Howard, 165; Webster v. Reid, Id. 437.
[] Voorhees v. United States Bank, 10 Peters, 449; Huff v. Hutchingson, 14 Howard, 588.
[] 10 Sergeant & Rawle, 240.
[*] Granger v. Clark, 22 Maine, 130.
[] Anderson v. Anderson, 8 Ohio, 108.
[] B. & W. Railroad v. Sparhawk, 1 Allen, 448; Homer v. Fish, 1 Pickering, 435.
[§] McRae v. Mattoon, 13 Pickering, 57.
[] Atkinsons v. Allen, 12 Vermont, 624.
[*] 23 Vermont, 346.
[] 3 Comstock, 522.
[] Dobson v. Pearce, 2 Kernan, 165.
[§] Hollister v. Abbott, 11 Foster, 448; Rathbone v. Terry, 1 Rhode Island, 7; Topp v. The Bank, 2 Swan, p. 188; Wall v. Wall, 28 Mississippi, 413.