## ALLISON, EX'X, etc., *v.* CHAPMAN.

*(Circuit Court, D. New Jersey. January 20, 1884.)*

ACTION UPON JUDGMENT OBTAINED BY FRAUD IN ANOTHER STATE.

    In an action of debt in one state upon a judgment obtained in another, a plea that the judgment was obtained by fraud is no defense. To avail himself of such a defense, the judgment debtor must invoke the aid of the court upon its equity side.

In Debt.

*J. Henry Stone,* for plaintiff.

*A. Q. Keasbey,* for defendant.

NIXON, J. This is an action of debt upon a judgment obtained in the circuit court of the United States for the district of West Virginia. The first plea is that the alleged judgment was obtained by fraud and covin. The plaintiff moves to strike out the same. The question is whether such a plea is allowed as a common-law defense to an action brought upon a judgment from another state. There is undoubtedly a conflict of authority and much confusion existing on the subject, arising partly from the failure of courts to observe the precise nature and character of such judgments, and partly from the legislation of some of the states, allowing equitable pleas in suits at law. The courts of civilized nations generally make distinction between foreign and domestic judgments, holding a record of the former to be only *prima facie* evidence, and a record of the latter conclusive evidence. The provision of the constitution of the United States, (article 4, § 1,) that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and that the congress may prescribe the manner in which they shall be proved, and the effect thereof, places the judgment of the different states upon a peculiar footing. They are neither foreign nor domestic judgments, although partaking more of the qualities of the latter than the former.

The attention of the supreme court was early called to the effect which the above-stated provisions of the constitution of the United States, supplemented by the act of congress of May 26, 1790, (1 St. at Large, 122,) had upon judgments obtained in other states. It was claimed in *Mills* v. *Duryee,* 7 Cranch, 481, that they should be treated as foreign judgments, and that *nil debet* was a good plea in a suit upon such a judgment. But the court denied the validity of the plea, alleging that it rendered the above clause of the constitution unimportant and illusory; that the record of the judgment duly authenticated was conclusive upon the parties; and that *nul tiel record* was the only proper plea. The counsel for the defendant in his brief justified his plea by the authority of the case of *Bank of Australasia* v. *Nias,* 16 Q. B. 717, where it was held that a plea that the judgment on which the suit was brought was obtained by fraud, would be good;

but he did not advert to the reason why it was good. The reason is disclosed by Lord Chancellor SELBORNE, in *Ochsenbein* v. *Papalier*, L. R. 8 Ch. App. Cas. 695, which was an application for an injunction to stay a suit at law upon judgment to which the defendant had put in the plea of fraud. He refused to interfere upon the ground that the court at law had jurisdiction, the parliament having passed statutes permitting such equitable defenses to be pleaded in suits at law. The obvious inference from the opinion is that, in the absence of such legislation, the plea would not be allowed.

This subject is fully discussed in 2 Amer. Lead. Cas. 658, and the conclusion is reached that the allegation in a plea that a judgment was procured through fraud is not a good common-law defense to a suit brought upon it in the same or a sister state. To sustain the position he quotes (1) *Benton* v. *Bergot*, 10 Serg. & R. 240, where the supreme court of Pennsylvania held, on demurrer, that in a suit on a judgment in the court of another state the plea of fraud in obtaining it was bad; (2) *Granger* v. *Clark*, 22 Me. 128, where the controversy was over a domestic judgment, and where the court said that even if fraudulently obtained, it must be considered conclusive between the parties until reversed; (3) *Christmas* v. *Russell*, 5 Wall. 290. The supreme court in this case, speaking of judgments of sister states, say: "They certainly are not foreign judgments, under the constitution and laws of congress, in any proper sense, because they 'shall have such faith and credit given to them in every other court within the United States as they have by law or usage in the courts of the state from whence' they were taken; nor were they domestic judgments in every sense because they are not the proper foundation of final process except in the state where they were rendered. Besides, they are open to inquiry as to the jurisdiction of the court and notice to the defendant, but in *all other respects* they have the same faith and credit as domestic judgments." And in regard to domestic judgments the court add, that, under the rules of the common law, if rendered in a court of competent jurisdiction, they can only be called in question by writ of error, petition for new trial, or by bill in chancery. Third persons *only* (quoting 2 Saund. 1 Pl. & Ev. pt. 1, p. 63,) can set up the defense of fraud or collusion, and not the parties to the record, whose only relief is in equity, except in the case of a judgment obtained on *cognovit* or a warrant of attorney. This last case I think governs the present motion. The plea must be stricken out.

If the defendant wishes to impeach the judgment for fraud or covin in obtaining it, he must invoke the aid of the court upon the equity side, whose peculiar province it is to grant relief in cases of this sort. See *Glover* v. *Hedges*, Saxt. 119; *Power's Ex'rs* v. *Butler's Adm'r*, 3 Green, Ch. 465; *Moore* v. *Gamble*, 1 Stockt. 246; *Tomkins* v. *Tomkins*, 3 Stockt. 512.