## AMY v. MANNING.

*(Circuit Court, S. D. New York. May 24, 1889.)*

1. **REMOVAL OF CAUSES—PREJUDICE OR LOCAL INFLUENCE—AFFIDAVIT.**
   Under act March 3, 1887, providing that on application for removal on the ground of prejudice or local influence, the existence of such prejudice or local influence must "be made to appear to said circuit court," the affidavit for removal must set forth facts and circumstances sufficient to satisfy the court of the existence of the prejudice and local influence; and an affidavit stating merely affiant's belief or opinion that prejudice or local influence exists is not sufficient.

2. **SAME—REMAND TO STATE COURT.**
   When a petition for removal has been granted on such insufficient affidavit, on motion to remand to the state court the circuit court will reconsider the sufficiency of the affidavit, and remand the case if not satisfied of the existence of prejudice or local influence.

On Motion to Remand.
*Theodore F. H. Meyer,* for plaintiff.
*William J. Weldon,* for defendant.

WALLACE, J. This is a motion by the plaintiff to remand this action to the supreme court of the state of New York, whence it was removed upon a petition and affidavit presented to this court by defendant, stating that from prejudice or local influence he would not be able to obtain justice in the state court, and setting forth the facts and circumstances relied upon to make this appear. The action is brought upon a judgment recovered by the plaintiff against the defendant in the superior court of the commonwealth of Massachusetts.

The only issue triable under the pleadings is whether that court had jurisdiction to render the judgment. *Hampton* v. *McConnel,* 3 Wheat. 234; *Christmas* v. *Russell,* 5 Wall. 290. It is doubtful whether the facts set forth in the affidavits accompanying the petition of the defendants make out a *prima facie* case; but, after hearing the affidavits submitted

for the plaintiff on the present motion, I am impressed that one object in removing the cause was to delay the trial. However this may be, and assuming that the defendant is really apprehensive that he cannot obtain justice in the state court, I am satisfied that there are no just grounds for the removal. It is insisted for the defendant that the court is concluded by the averment in his affidavit "that from prejudice or local influence he will not be able to obtain justice in such state court," and, if this is not so, that, the sufficiency of the affidavit having been passed upon by the circuit court when the petition was allowed, that action is final. and cannot be reconsidered upon a motion by the plaintiff to remand the suit. The act of March 3, 1887, has materially changed the provisions of section 639 of the Revised Statutes, so that the condition of removal is no longer the filing an affidavit stating that the removing party "has reason to believe and does believe" that from prejudice or local influence he will not be able to obtain justice in the state court, but the existence of such prejudice or local influence must now "be made to appear to said circuit court." Under section 639, either a plaintiff or defendant who was willing to make an affidavit of his personal belief upon a matter of opinion could remove the cause; consequently it was quite immaterial whether his belief was well founded or not, and therefore he was not required to set forth the grounds of his belief, or the facts or reasons for it, and the adverse party could not controvert the truth of the statement. This was a very different condition from the one in the act of 1887, which allows a removal to a defendant only when it is made to appear to the court that the requisite state of facts exists. The language of the present act in substance requires satisfactory proof to be made of the existence of hostile prejudice or influence. Opinions of parties or witnesses are not satisfactory, or even competent, evidence, when addressed to facts which are not peculiarly within the province of experts. Consequently an affidavit containing mere opinion, even though in the form of a positive statement, is not sufficient; but the facts and circumstances which justify a judicial conclusion that the requisite case exists must be set forth. The present act substitutes the judgment of the court for the judgment of the removing party, and makes that a traversable issue which before was left wholly to the conscience of the affiant. This is not an issue to be tried on a plea to the jurisdiction. It is to be determined by the court, and, primarily, when the petition and affidavit for removal are presented. It may be reconsidered upon a motion to remand; and, if such a motion is made, and the court is satisfied by further argument, or by controverting affidavits, that the petition ought not to have been allowed, it has the same power to vacate the allowance that it has to vacate any interlocutory order made *ex parte*, which has been improvidently or improperly granted. The decisions in the Fifth, Sixth, and Ninth circuits, to the effect that the defendant is not required to state the facts and circumstances that make the existence of prejudice or local influence appear, and sufficiently complies with the terms of the act by stating his own conclusion in the words of the statute, have not been overlooked. These decisions, however, are opposed to others

made in the Seventh and Eighth circuits, and to my own decision in March, 1888, in the case of *Dennison* v. *Brown, ante,* 535, where all the questions now involved were considered, and were ruled against the contention of the defendant. In the present case an application was made to Judge LACOMBE for an allowance of the petition for removal, and he decided that an affidavit of the defendant, merely following the language of the statute, without giving any facts or circumstances to show the existence of prejudice or local influence, was insufficient. The conclusion is reached that the affidavit must set forth the necessary facts and circumstances to satisfy the court of the existence of such prejudice or local influence in the state court as will preclude the removing party from obtaining justice there; that the removing party cannot conclude his adversary by his statements in this regard; and that the court has the power to remand the suit, and that it is its duty to do so when satisfied by opposing affidavits that the case made for the defendant is not an honest one. The motion to remand is granted.