(80 South. 663)

No. 21647.

KIRBY LUMBER CO. v. HICKS CO., Limited, et al.

(Jan. 6, 1919. Rehearing Denied Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. LIMITATION OF ACTIONS ⬅⮞2(2)—PRESCRIPTION—PERSONAL ACTION—WHAT LAW GOVERNS.

Where all parties resided in the state when and where contract of warranty was made, a suit to recover on a warranty deed for the value of land in Texas from which plaintiff was evicted by judgment of a Texas court, being a personal action, was governed by the statutes of limitations of the forum; the case not coming within the exception defined by Civ. Code, art. 3532.

2. DEEDS ⬅⮞112(1)—DESCRIPTION — REFERENCE TO RECORDS.

Defendants, a company and its president, who conveyed to plaintiff's grantor by warranty deed 1,280 acres, described as a certain survey and patent, with reference to certain deeds and records showing a conveyance of 640 acres to the company and 640 acres to the president, showed an intention to convey 1,280 acres to plaintiff's grantor.

3. COVENANTS ⬅⮞137—SUIT ON WARRANTY—PARTIAL NONSUIT.

Where plaintiff sued to recover on a warranty deed for the value of 1,280 acres, alleged to have been acquired from defendants' grantee, and such allegation was not sustained as to one-half, 640 acres, a judgment of nonsuit as to the one-half from which plaintiff was not evicted by a judgment of the courts of the state in which the land was located was correct.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by the Kirby Lumber Company against Hicks Company, Limited, and others. Judgment for plaintiff, and defendants appeal, and plaintiff, answering the appeal, prays that the judgment be amended by increasing the amount. Affirmed.

Alexander & Wilkinson, of Shreveport, for appellants.

Edgar W. Hooker, of Center, Tex., and John B. Files, of Shreveport, for appellee.

O'NIELL, J. This suit was brought to recover on a warranty deed $10,240, as the value of 1,280 acres of land in Shelby county, Tex., from which the plaintiff was evicted by a judgment of the district court of that county, affirmed by the Texas court of civil appeals.

From a judgment in favor of the plaintiff for what the court found to be the value of half of the land, i. e. $2,214.40, the defendants S. B. Hicks and the Hicks Company prosecute this appeal. The plaintiff, answering the appeal, prays that the judgment be amended by increasing the amount to $8,000, for the value of all of the land.

Appellants complain in their assignment of errors that the district court erred in the following particulars, viz.:

(1) In overruling the defendants' plea of prescription of 4 and 5 years under the Texas statutes of limitation.

(2) In holding that the defendants sold or intended to sell—or that the plaintiff

bought or intended to buy—more than 640 acres of land.

(3) In giving only a judgment of nonsuit as to the value of one-half of the land, instead of rejecting the plaintiff's demand finally.

(4) In giving judgment for an amount exceeding the value of half of the land, even if the plaintiff were entitled to judgment.

[1] This suit would be barred by prescription if the statutes of limitation of Texas should govern. But this is a personal action. The defendants could not have been forced to answer a call in warranty in the suit to test title in the Texas court, because their residence and domicile is in Louisiana. The statutes of limitation of the place of the forum govern the question of prescription of personal actions. There is an exception to that rule, in article 3532 of the Civil Code of this state, to the effect that, when a contract or an obligation has been made, or judgment rendered, between persons residing in another state, to be performed or paid in another state, and the contract, obligation, or judgment is barred by prescription or by a statute of limitation in that state, it shall also be held barred by prescription in Louisiana if the obligor or debtor comes into this state after being thus discharged from the obligation. That, however, is only a corollary of the doctrine stated by the Supreme Court of the United States, in Christmas v. Russell, 5 Wall. 290, 18 L. Ed. 475, viz.: That it is a violation of the full faith and credit clause of the federal Constitution, for a state to enact a statute declaring that an action cannot be maintained on a judgment or decree rendered by a court of another state against a resident of the state enacting the statute, if the cause of action (had suit been brought originally in that state) would have been barred by a statute of limitation in the state enacting the statute. This case does not come within the exceptional provision of article 3532 of the Code, because all parties to the suit reside in this state, where the contract of warranty was made; and they resided here when it was made. The suit is not barred by prescription under the laws of this state, and the statute of limitation of the state of Texas does not apply.

[2] The plaintiff bought the 1,280 acres of land from one James T. Polley by warranty deed, with subrogation to all rights of warranty held by Polley. He bought from S. B. Hicks and the Hicks Company, by warranty deed, in which Hicks, the president of the company, sold, for himself individually and for the company, a tract of land described as follows, viz.:

"Second tract: Being the F. A. Sherman survey, in Shelby county, known as abstract No. 904, patented to F. A. Sherman on Jan. 18, 1882, patent No. 242, vol. 16, containing in said survey 1,280 acres of land, and being the same land conveyed by A. W. Brown, sheriff of Shelby county, Texas, to Hicks & Bro. on the 6th day of February, 1883, and recorded in Book 3, p. 45, and by said Hicks & Bro. conveyed to the said Hicks Company on the 6th day of February, 1897, the record of which is in Shelby county, Deed Records, vol. 24, pages 111 to 117; see deed and record from B. F. Sims, sheriff of Shelby county, to S. B. Hicks, June 8, 1899, Book 28, pages 125 to 131."

The argument of the learned counsel for appellant, in support of the contention that the foregoing description included only 640 acres of land, is that, notwithstanding the Sherman grant contained 1,280 acres, the reference to the record of the deeds by which S. B. Hicks and the Hicks Company had acquired the land that they sold to Polley controls and limits the area sold to Polley. We find, however, by reference to the deeds and records referred to, that Hicks & Bro. (composed of E. S. and C. B. Hicks) bought from A. W. Brown, sheriff, on the 6th of February, 1883 (in the execution of a void judgment against unknown heirs of F. A. Sherman), all of the 1,280 acres in the Sherman

grant, the sheriff's deed being recorded in Book 3, p. 45; that E. S. and C. B. Hicks sold 640 acres of the Sherman grant to the Hicks Company on the 9th of February, 1897, by deed recorded in Book 24, pp. 111 to 117; and that the remaining half, or 640 acres, of the Sherman grant, was seized by B. F. Sims, sheriff, to satisfy a judgment against Hicks Bros. and E. S. and C. B. Hicks, and was sold by the sheriff to S. B. Hicks on the 8th of June, 1899, the deed being recorded in Book 28, pp. 125 to 131. The reference to those deeds, therefore, in the description in the deed from S. B. Hicks and the Hicks Company to James T. Polley, showed that the intention was to sell all of the 1,280 acres of land (the 640 acres belonging to S. B. Hicks and the 640 acres belonging to the Hicks Company) composing the Sherman grant.

[3] The suit in the Texas courts, in which there was judgment evicting the present plaintiff from 640 acres or half of the land, was brought by the widow of F. A. Sherman against J. T. Harris, who claimed 640 acres of the land, and W. A. Pickering and the Pickering Lumber Company, claiming the pine timber (10 inches or larger in diameter) growing on 640 acres of the land. The receivers of the Kirby Lumber Company intervened in the suit and asserted the title acquired from James T. Polley. Before the suit was tried, the interveners bought from the plaintiff, Mrs. Sherman, whatever interest she had in the property, and the suit was prosecuted by the interveners as if they were plaintiffs in the case. Judgment was rendered in favor of the defendants for half of the property and in favor of the intervener for the half acquired from the plaintiff, Mrs. Sherman; and the judgment was affirmed on appeal.

The judgment of the Texas courts was that the deed from S. B. Hicks and the Hicks Company to James T. Polley and the deed from him to the Kirby Lumber Company conveyed no title whatever for any part of the property in dispute. It is not contended by the defendants here that their interests were not defended faithfully in the Texas courts, or that they could have defended successfully the title which they had conveyed to Polley and which he had conveyed to the intervener in that suit.

The plaintiff in this case is entitled to the judgment for the value of the half of the land lost by the judgment of the Texas courts.

We conclude also that the judgment of non-suit, as to the half of the land from which the plaintiff here was not evicted by the judgment of the Texas courts, is correct. It is true that, as to that half of the land, the title recognized was that which was acquired by the plaintiff here from Mrs. Sherman. But the record before us does not show what the plaintiff paid Mrs. Sherman for her claim on the property; and we are not called upon to say now whether the plaintiff should recover, for that half of the land, the value it had when the plaintiff bought it from the defendants or the price paid to Mrs. Sherman. This suit is founded upon the allegation that the plaintiff was evicted from the 1,280 acres of land; and that allegation is not true, as to half of the land. The defendants, on the other hand, are not entitled to a judgment foreclosing finally the question of plaintiff's right to be compensated for the loss sustained on that half of the property.

The value put upon the land in the judgment appealed from is the average of the estimates of a number of witnesses, and we see no reason for amending the judgment in that respect. The parties did not put a separate value upon this land in the sale by the defendants to James T. Polley or in the sale by him to the plaintiff, both of which sales included other lands.

The judgment is affirmed.

DAWKINS, J., takes no part.