## LLOYD v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 5.

Municipal Court of Appeals for the District of Columbia.

Jan. 13, 1943.

Rehearing Denied Feb. 1, 1943.

Wildon Lloyd, pro se.

Thomas S. Jackson, of Washington, D. C., with whom Louis M. Denit, of Washington, D. C., was on the brief, for appellee.

Before RICHARDSON, Chief Judge, HOOD, Associate Judge, and BARSE, Chief Judge of Municipal Court for District of Columbia.

BARSE, Acting Associate Judge.

This was a suit in the Municipal Court for the District of Columbia, filed by appellee against appellant to recover the sum of $97.85, with interest from August 27, 1940, representing loss alleged to have been sustained by appellee in having to pay a judgment for costs rendered against appellant in the sum of $97.85 in certain proceedings in the Supreme Court of the state of New York, wherein appellant, as nonresident plaintiff, had given and filed a bond for costs upon which appellee was surety. The Municipal Court found in favor of appellee.

Appellant did not submit to the trial judge, nor to opposing counsel, a "Statement of Proceedings and Evidence" as required by Rule 27 of this Court, nor was such a Statement or an agreed Statement in lieu thereof filed in this Court. Consequently, a motion to have the appeal docketed and dismissed under Rule 33 of this Court could have been, but was not, filed by appellee. There was set forth in the "Brief for Appellant" a "Statement of the Case", and the "Brief for Appellee" contains a section entitled "Restatement of the Case". Under all the circumstances,—particularly the fact that appellant appeared in proper person, both in the trial court and in this Court,—these Statements will be treated as part of the record on appeal, the appeal will be entertained, and the case will be decided upon its merits. However, the action of the Court in this respect should not be construed as a precedent for pending or future cases, and litigants and their attorneys are advised that this Court may, either upon appropriate motion, or sua sponte, dismiss an appeal where there has not been a compliance with the requirements of the Rules governing appeals to this Court.

To avoid duplication, the additional facts, to the extent deemed pertinent, will be referred to during the course of the opinion, incident to discussion of the issues presented.

(1) Appellant says that the trial judge erred: "In denying defendant the right to plead his case and present his arguments in open court on May 22, May 25, and July 1, 1942. Instead, defendant, was enjoined to present his defense in writing."

Trial of the case upon the merits was begun on May 22, 1942. Appellee, by its counsel, presented in evidence, without objection; a copy of the cost bond, executed by appellant as principal and appellee as surety, together with a copy of the application for the bond; a certified copy of the judgment for costs, in the sum of $97.85, rendered by the Supreme Court of the state of New York against appellant in favor of Henry P. Fletcher, as Treasurer of the Committee for the Consideration of Inter-Governmental Debts (one of the defendants in the State Court proceedings); a cancelled check in the sum of $97.85, endorsed by Coudert Brothers, attorneys for Fletcher; and a certificate of satisfaction of said judgment signed by Coudert Brothers, acknowledging payment and satisfaction of said judgment. Thereupon, appellant began to present his defense, at which point the trial judge intervened and suggested that appellant consider engaging the services of an attorney to represent him. Appellant assented, and, accordingly, the case was continued to May 25, 1942.

Upon resumption of the trial on May 25th, appellant advised the trial judge "that he did not need any lawyer and wished to conduct his own defense." Appellant had prepared a trial memorandum of considerable length containing his arguments and the allegations of fact upon which he intended to rely by way of defense. After appellant had begun oral presentation of his arguments, the trial judge suggested that appellant submit said trial memorandum for consideration by the Court, as constituting his defense. Appellant assented, appellee raised no objection, and the case was thereupon taken under advisement by the trial judge upon the bases of the evidence presented by appellee in his case in chief, and the trial memorandum thus submitted on behalf of appellant.

Finding in favor of plaintiff was rendered on June 23, 1942. Motion for new trial was duly filed, and hearing thereon was had on July 1, 1942. The case was thereupon again taken under advisement by the trial judge by agreement of the parties, upon the bases of the aforesaid evidence adduced by appellee and upon the defense set forth in said trial memorandum. The motion for new trial was overruled as of July 8, 1942.

■ We are satisfied that no error was committed by the trial judge under the foregoing procedure. It is obvious that he was impressed by the competitive disadvantage enuring to appellant in attempting to present his case without the benefit of counsel. In continuing the case in the middle of the trial on May 22d, for the purpose of enabling appellant to consider the employment of counsel and in receiving on May 25th, at face value, the carefully prepared trial memorandum of appellant without requiring appellant to produce evidence to sustain the factual allegations therein contained, the trial judge took unusual precautions and was actuated by a high sense of duty and fairness in thus endeavoring to assist appellant and to insure that his defense be presented with the maximum of intendments in favor of appellant, inasmuch as appellant was not represented by counsel. The trial memorandum thus submitted by appellant to the trial judge was tantamount, in legal effect, to the submission of stipulated facts for consideration and application to the issues presented, to the extent deemed legally relevant and pertinent by the trial judge in formulating his decision. Such submission was in open court, and appellant had his day in court.[1]

(2) Appellant also assigns error by the trial court: "In ignoring defendant's contention about the existence of collusion and fraud in the claim made upon plaintiff in New York, which claim forms the substance of the action herein."

In 1939 appellant, duly represented by counsel, brought suit in the Supreme Court of the state of New York against:

1. Committee for the Consideration of Inter-Governmental Debts, an unincorporated association, and

2. Alfred P. Sloan, Jr., as Permanent Chairman, and

3. Henry P. Fletcher, as Treasurer of the Committee for the Consideration of Inter-Governmental Debts.

In certain preliminary proceedings, Sloan was eliminated from the case. On May 28, 1940, the case came on for trial on its merits, against Fletcher, who was represented by "Coudert Brothers", attorneys. The court apparently made an oral ruling, during the course of the hearing on that day, to the effect that the case could not be maintained as to defendant Fletcher. Trial was resumed on May 29, 1940, and after hearing further evidence on behalf of appellant as plaintiff, the court apparently made a further oral ruling dismissing the case. On June 5, 1940, a final judgment was entered, formally dismissing the case and awarding costs against appellant and in favor of defendant Henry P. Fletcher as Treasurer of the Committee, etc., in the sum of $97.85.

Appellant contends, inter alia, that the said judgment against him, in favor of Fletcher rather than in favor of the Com-

---

[1] At the time of oral argument in this Court, and also by a notation on page 5 of the Transcript, appellant suggested that the original draft of said trial memorandum would be submitted to this Court for consideration if so desired. Accordingly, in line with this suggestion, and as authorized and contemplated under Rule 32 of this Court, the original of said trial memorandum has been obtained from appellant and has been lodged in the files of this Court as part of the Transcript of Record in this case, there to be retained for future reference, unless released by appropriate order.

mittee, was obtained by collusion and fraud on the part of Fletcher's lawyer and of appellant's attorney, and that: "The wording of the New York judgment as prepared by the Coudert lawyer is decidedly false and untrue to facts. The issues in Appellant's action were raised on Wednesday, May 29, 1940 when Fletcher was no longer a litigant, and the said Fletcher as averred did not move at the close of Plaintiff's evidence to dismiss the complaint—for Fletcher was not then a defendant nor did he instruct his attorney to represent the Committee." ("Brief for Appellant", page 7.)

■■ Nothing in the record, by way of factual allegations, sustains appellant's contentions as to fraud and collusion. It is obvious that appellant, by reason of his lack of legal training and of familiarity with court procedure, misinterpreted the informal oral rulings of the court during the course of the trial on May 28–29, 1940, and considered said rulings to be formal and final dispositions of the New York case, first as to Fletcher and then as to the unincorporated committee. He concedes that the cost bond ran to Fletcher as Treasurer, etc., as one of the three obligees thereunder, but he failed to realize that the assessment of court costs is a matter for determination and allocation by the trial court. Said judgment of June 5, 1940, recites that the court costs had been: "adjusted on notice in the sum of $97.85", and provides that: "defendant Henry P. Fletcher as treasurer of the Committee for the Consideration of Inter-Governmental Debts recover of the plaintiff Wildon Lloyd the sum of $97.85 costs as taxed * * *".

If appellant considered that, as plaintiff in said New York proceedings, he had just ground of complaint as to the judgment therein rendered, his remedy was to obtain a review in the New York appellate courts. He cannot utilize the proceedings filed against him in this jurisdiction in the instant case, as a substitute for appellate proceedings in the state of New York. The trial memorandum of appellant discloses that he negotiated with another lawyer with reference to an appeal of the case but was unable to reach an agreement as to fees or a division of fees between the new attorney and his attorney of record in the case. In this connection, appellant states in said trial memorandum: "Under these conditions plaintiff decided that it would be too onerous to continue with the case, and let the appeal lapse. This was about July 3, 1940."

■ The judgment of June 5, 1940, dismissing the case and awarding costs in the sum of $97.85 against appellant as plaintiff in that case thus became a final judgment and stands unreversed. As such, it was incumbent upon the trial judge in the instant case, as it is now incumbent upon this court, to give full and complete effect to said judgment under the full faith and credit clause of the Constitution (Art. IV, sec. 1), inasmuch as it seems clear from the record that the New York court, in rendering said judgment, had jurisdiction of the subject matter and of the parties and that appellant has raised no question as to such jurisdiction. See Christmas v. Russell, 5 Wall. 290, 18 L.Ed. 475; Richmond & D. R. Co. v. Gorman, 7 App.D.C. 91; Hieston v. National City Bank, 51 App. D.C. 394, 280 F. 525; Fidelity Storage Co. v. Urice, 56 App.D.C. 202, 12 F.2d 143; Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. ——, decided December 21, 1942.

(3) Appellant further assigns error by the trial court: "In honoring as evidence for the plaintiff two documents: one insufficiently and deceitfully endorsed; and a copy of a New York judgment obtained by collusion and fraud."

The contention of appellant in connection with this assignment of error is based upon the position erroneously taken by him concerning the preceding assignment of error just discussed, i. e., that the judgment of June 5, 1940, was obtained by collusion and fraud. Hence, appellant contends that the court was in error in admitting in evidence the certified transcript of said judgment and the cancelled check for $97.85 received and endorsed by the attorneys for Henry P. Fletcher in whose favor said judgment had been rendered as treasurer of the Committee for the Consideration of Inter-Governmental Debts.

■ Inasmuch as we have held that the record disclosed no evidence of fraud or collusion in the obtaining of said judgment of June 5, 1940, and further that it was incumbent upon the trial court and is likewise incumbent upon this court to give full faith and credit to said judgment, it follows that the trial court was not in error in receiving in evidence the certified copy

of said judgment and the cancelled check evidencing payment of said judgment by appellee as surety upon the cost bond.

The remaining assignments of error are without merit, are trivial in nature, and require no discussion.

The judgment of the trial court is therefore affirmed.