# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| THE MIRAGE CASINO-HOTEL, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Shelby Circuit No. 74546 T.D. |
| | ) | |
| VS. | ) | Appeal No. 02A01-9608-CV-00198 |
| | ) | |
| J. ROGER PEARSALL, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

**FILED**

May 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE KAY S. ROBILIO, JUDGE

**KEITH V. MOORE**
Memphis, Tennessee
Attorney for Appellant

**BEN G. SISSMAN**
**DEBORAH A. BRANDON**
**FRIEDMAN, SISSMAN AND HEATON, P.C.**
Memphis, Tennessee
Attorneys for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

In this action to enroll a foreign judgment, The Mirage Casino-Hotel ("Plaintiff")

seeks to enforce a default judgment entered by the District Court of Clark County, Nevada against J. Roger Pearsall ("Defendant") for non-payment of eight separate negotiable instruments executed by him and made payable to the Plaintiff totaling $100,000.00. The trial court granted Plaintiff's motion to enroll the foreign judgment of $115,178.00, plus post-judgment interest, against the Defendant. Defendant appeals the judgment of the court below arguing that the trial court erred in enforcing the default judgment of the Nevada District Court because enforcement of the judgment violates public policy of the State of Tennessee. For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

Plaintiff is the payee and holder in due course of eight separate negotiable instruments ("checks") executed by the Defendant, totaling $100,000.00. Defendant used the $100,000.00 in game chips given him in exchange for his eight checks to play the game of Black Jack at Plaintiff's hotel. Plaintiff could have exchanged his game chips for money at any time; however, he chose to use all of his game chips to gamble at Plaintiff's casino.

The eight checks were subsequently dishonored by the National Bank of Commerce. Despite Plaintiff's repeated attempts to have the Defendant make the drafts good, the debt remained unpaid. Plaintiff thereafter sued the Defendant in the District Court of Clark County, Nevada.

On September 19, 1995, the District Court of Clark County entered a default judgment against Pearsall in the amount of $100,000.00, plus 15,000.00 in attorney fees, costs, and accrued and accruing interest at the contract rate of 18 percent per year.

Defendant asserts that full faith and credit should be denied in this case because gambling is against the public policy of the State of Tennessee.

2

**LAW**

The sole issue before this Court is whether the trial court erred in granting Plaintiff's motion to enroll the judgment of the Nevada District Court.

Defendant contends that the trial court's enforcement of the judgment of the Nevada court based upon application of the full faith and credit clause was in error.  In support of his argument, Defendant cites the following:  T.C.A. § 29-19-101 (1980) (rendering void all contracts founded, in whole or in part, on gambling or wagering consideration); T.C.A. § 29-19-102 (1980) (barring any action to recover money or property won by any species or mode of gambling); T.C.A. § 29-19-103 (1980) (providing a qui tam action and monetary penalty against anyone who institutes an action for money or property claimed under a contract founded upon gambling consideration); and T.C.A. § 29-19-104 (1980) and § 29-19-105 (1980) (providing an action for recovery of money or property lost upon any game or wager).

The full faith and credit clause of the United States Constitution provides as follows:

> **§ 1.  Full faith and credit to records and judicial proceedings of states. --** Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.  And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

U.S. Const. art. IV, § 1.

In addressing the effect of the full faith and credit clause, Chief Justice Marshall stated that:

> [T]he judgment of a state court should have the same credit, validity, and effect in every other court in the United States which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States.

Hampton v. M'Connel, 16 U.S. 234 (1818).

3

In Christmas v. Russell, 72 U.S. 290 (1866), the defendant, a Mississippi resident, executed a promissory note in Mississippi, which was endorsed by the payee to the plaintiff, a Kentucky resident. After an action on this note had been barred by the Mississippi statute of limitations, the defendant, having come into Kentucky on a visit, was there sued on the note. Defendant's defense of the Mississippi statute of limitations was overruled, and the court entered a judgment for the plaintiff. The plaintiff then brought suit upon this Kentucky judgment in the Federal Circuit Court of Mississippi, and the defendant asserted a defense under another Mississippi statute, which provided that no action should be maintained on any judgment rendered against a Mississippi resident by a foreign court where the cause of action would have been barred by the Mississippi statute of limitations if suit would have been brought in Mississippi. The defense was overruled, and the court entered a judgment for the plaintiff. In affirming the judgment, the United States Supreme Court held that under the full faith and credit clause this Mississippi statute was unconstitutional and void as affecting the right of the plaintiff to enforce the Kentucky judgment. Because the judgment was valid in Kentucky and conclusive between the parties there, the Supreme Court stated that it was not competent for any other state to authorize its courts to open the merits of the action and review the cause or to enact that such a judgment should not receive the same faith and credit that by law it had in the courts of the state from which it was taken. Id.

In Fauntleroy v. Lum, 210 U.S. 230 (1908), residents of Mississippi entered into a gambling contract involving cotton futures. The contract was prohibited by Mississippi statutory law, and Mississippi statutes prevented Mississippi courts from giving effect to such a contract. The parties to the contract submitted their differences to arbitration in Mississippi, and the party in whose favor the arbitration award was made then sued unsuccessfully in Mississippi. The prevailing party later sued in Missouri and obtained personal service on the defendant Mississippi citizen in Missouri. The Missouri court rejected the defendant's proffered evidence as to the illegal and criminal nature of the underlying transaction under Mississippi law, and a judgment was entered for the plaintiff. Plaintiff's assignee then sued on the Missouri judgment in Mississippi, and the defendant

4

again argued that the Missouri judgment could not be enforced in Mississippi because the underlying transaction was prohibited by Mississippi law. The Mississippi Supreme Court held that enforcement of the Missouri judgment was not required under the full faith and credit clause; however, the United States Supreme Court reversed the judgment of the Mississippi Supreme Court holding that Mississippi could not go beyond the Missouri judgment. In upholding the validity of the Missouri judgment in Mississippi, the Supreme Court stated that:

> [T]he judgment of a state court should have the same credit, validity, and effect in every other court in the United States which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States.

Fauntleroy, 210 U.S. at 236, quoting Hampton v. M'Connel, 16 U.S. 234 (1818).


Based upon the foregoing Supreme Court case precedent and its progeny, it is now well established that the full faith and credit clause of the federal constitution requires that the judgment of a state court, which had jurisdiction of the parties and the subject matter in suit, be given the same credit, validity and effect in the courts of every other state and that such judgment be equally conclusive upon the merits in the courts of the enforcing states. Roche v. McDonald, 275 U.S. 449, 451-52 (1928); Converse v. Hamilton, 224 U.S. 243, 259 (1912); Tilt v. Kelsey, 207 U.S. 43, 57 (1907); Hancock National Bank v. Farnum, 176 U.S. 640, 643 (1900); Cheever v. Wilson, 76 U.S. 108 (1869); D'Arcy v. Ketchum, 52 U.S. 165 (1850); Hampton v. M'Connel, 16 U.S. 234 (1818); Mills v. Duryee, 11 U.S. 481 (1813).


Moreover, in Davis v. Davis, 305 U.S. 32, 40 (1938), the Supreme Court stated that Article IV, § 1 of the United States Constitution requires that "not some but full" faith and credit be given by states to the judicial decrees of other states. In other words, when a decree is rendered in one state, the full faith and credit clause demands that other states give the decree the equivalent force and effect to which it was entitled in the state where it was rendered. Harding v. Harding, 198 U.S. 317, 341 (1905).

5

In refining the requirements under the full faith and credit clause, the Supreme Court in Titus v. Wallick, 306 U.S. 282, 291 (1939), stated that:

> [T]he constitutional mandate requires credit to be given to a money judgment rendered on a civil cause of action in another state, even though the forum would have been under no duty to entertain the suit on which the judgment was founded.

See also, Milwaukee County v. M. E. White Co., 296 U.S. 268 (1935); Roche v. McDonald, 275 U.S. 449 (1928); Fauntleroy, 210 U.S. at 236; Christmas v. Russell, 72 U.S. 290 (1866).

Thus, where an action is brought on a judgment rendered by a court of a sister state, the full faith and credit clause of the federal constitution prohibits an inquiry into the merits of the original cause of action. In an action on a foreign judgment, the forum court may inquire only into questions which would be considered on collateral attack in the state where the judgment was rendered. Fauntleroy, 210 U.S. at 236; Hampton v. M'Connel, 16 U.S. 234 (1818). Therefore, even though a cause of action could not be entertained in the forum state because it had been barred by the applicable statute of limitations or because the particular action was not recognized in courts of the forum state, the judgment thereon obtained in a sister state is entitled to full faith and credit. See, Titus v. Wallick, 306 U.S.282 (1939); Kenney v. Supreme Lodge of the World, Loyal Order of Moose, 252 U.S. 411, 415-16 (1920); Fauntleroy, 210 U.S. 230; Christmas v. Russell, 72 U.S. 290 (1866).

Notwithstanding the foregoing, the United States Supreme Court has recognized at least three exceptions to the full faith and credit clause. First, a forum court may not enforce a judgment that is void for lack of subject matter or personal jurisdiction. See, Flexner v. Farson, 248 U.S. 289 (1919); Western Life Indem. Co. of Illinois v. Rupp, 235 U.S. 261 (1914); Grover & Baker S. M. Co. v. Radcliffe, 137 U.S. 287 (1890); Hall v. Lanning, 91 U.S. 160 (1875); Four Seasons Gardening & Landscaping, Inc. v. Crouch, 688 S.W.2d 439 (Tenn. Ct. App. 1984); In Re Riggs, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980). Second, when the judgment of the foreign court was based upon fraud, the forum court may choose not to enroll the judgment. See, In Re Riggs, 612 S.W.2d 461, 465

6

(Tenn. Ct. App. 1980) (stating that full faith and credit must be given to the judgment of a foreign state unless the judgment was vitiated by a manifest fraud); Lee v. Carroll, 146 So.2d 242, 244 (La. Ct. App. 1962).  Third, where enforcement of the judgment would violate the public policy of the forum state, the forum court may refuse to enforce the judgment of the foreign court.  See, Four Seasons Gardening & Landscaping, Inc. v. Crouch, 688 S.W.2d 439, 445 (Tenn. Ct. App. 1984) (stating that a foreign judgment will not be enforced if it violates the "strong" public policy of Tennessee); In Re Riggs, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980) (stating that Tennessee courts are not obliged to give full faith and credit to a judgment of a foreign state which is violative Tennesee's public policy).

We note, however, that in Hotel Ramada of Nevada, Inc. v. Thakkar, No. 03A019103CV00113, 1991 WL 135471 (Tenn. Ct. App. July 25, 1991), this Court addressed the same issue as in the case at bar. The plaintiff casino loaned defendant casino chips having an approximate total value of $19,000.00.  These loans of casino chips were evidenced by seven negotiable checks executed by defendant at various times throughout August 22 and 23, 1987.  By the end of the day on August 23, 1987, all of the loaned casino chips had been lost by defendant in gambling at plaintiff's casino. Thereafter, plaintiff brought suit in the United States District Court in Nevada, seeking to recover the value of its loan of casino chips.  The Nevada District Court granted judgment in favor of the plaintiff for $19,000.00.  In Tennessee, the trial court held that the judgment was entitled to full faith and credit, and defendant appealed to this Court.  In enforcing the judgment of the United States District Court in Nevada, this Court stated as follows:

> Our review of the case law leads us to conclude that enforcement of a debt incurred in the purchase of gambling chips in a state where gambling is perfectly legal does not violate the strong public policy of this State.

Thakkar, 1991 WL 135471, at *3.

Because under Fauntleroy and its progeny, a state court must give full faith and credit to a monetary judgment rendered in a court of another state, even though the enforcing forum might not recognize the underlying cause of action, the trial court did not

7

err in enforcing the judgment of the Nevada District Court, giving full faith and credit to the foreign judgment.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Appellant for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.