## ANDREW STEWART v. LUCIEN B. MAXWELL.

JUDGMENT OF ANOTHER STATE OR TERRITORY, ACTION ON.—In an action on a judgment of another state or territory where the transcript of such judgment is duly authenticated as required by act of congress, the fact that the transcript shows that the case was tried without a jury and does not show that a jury trial was waived, does not render the judgment invalid, where it appears that both parties were present at the trial in person or by counsel, and where it is not shown that such judgment could not be enforced in the state in which it was rendered.

APPEAL from the district court for Santa Fe county. The case appears from the opinion.

*T. D. Wheaton,* for the defendant and appellant. 1. The district court of the state of Kansas had no jurisdiction of the subject-matter, nor of the person of the defendant. The jurisdiction of the district court of the state of Kansas is created and limited by statute: Const. State of Kansas; Laws Kansas Territory, 122–126; Laws Kansas, 1861, pp. 55, 67, 123; General Stats. State of Kansas, 1868, pp. 47, 630. The statutes of the state of Kansas provide that issues of fact arising in actions for the recovery of money, etc., shall be tried by a jury unless such trial is waived in one of the following modes: 1. By the consent of the party appearing, when the other party fails to appear; 2. By written consent in person or by attorney, filed with the clerk; 3. By oral consent in open court entered upon the journal: Gen. Stats. of Kansas, pp. 680, 684; Laws of Kansas, 1861, pp. 55, 67, 123; Laws Kansas Territory, pp. 123, 126. This cause was tried by the court without the intervention of a jury, without any such provision having been complied with, and the judgment was therefore void for want of jurisdiction in the court. There was no such appearance on the part of the defendant as to give the court jurisdiction of his person. The judgment was also for this reason void for want of jurisdiction; 5 Wend. 154–158 [S. C., *Starbuck* v. *Murray*, 21 Am. Dec. 172]; Story on Const. 119; Story on Conf. Laws, 1004; 1 Pet. 246–249; Id. 168; Stark. Ev. 276 ; 1 Chit. Pl. 485; 11 How. (U. S.) 460; *Bissell* v. *Briggs*, 9 Mass. 467 [S. C., 6 Am. Dec. 88];

*Borden* v. *Fitch*, 15 Johns. 121 [S. C., 8 Am. Dec. 225];
*Goff* v. *Russell*, 3 Kansas, 212; *Bartlet* v. *Knight*, 1 Mass. 401
[S. C., 2 Am. Dec. 36]; *McJilton* v. *Love*, 13 Ill. 486;
*Hampton* v. *McConnel*, 3 Wheat. 234; *Pawling* v. *Bird's
Executors*, 13 Johns. 205; *Mills* v. *Duryee*, 7 Cranch, 481.
The paper offered in evidence herein as a pretended copy
of the record in this cause is a nullity, and should have
been rejected by the court, it being a mere synopsis or
schedule taken by the clerk as minutes from which to make
up his record: Stats. of Kansas Territory, pp. 143, 144;
Laws of Kansas, 1861, p. 122.

*S. B. Elkins*, for the plaintiff and appellee. The case has
been stated in the brief submitted by the attorney for the
appellant. The points relied on for a reversal of the judg-
ment are briefly as follows: 1. Imperfection of the record;
2. There being no waiver of a trial by jury entered on
the record, the court for this reason had no jurisdiction.
First, as to the record being imperfect, it shows on its face
that all the necessary proceedings anterior to the judgment
were had; they are not set out at length, and the law does
not so require; the only requirement is that the judgment
itself be fully set up, which is perfectly done. In case the
proceedings were set up in full in the record, could they be
passed on here? Certainly not. Therefore it is unneces-
sary they should be before the court. It is a principle of
law settled in the cases of *Mills* v. *Duryee*, 7 Cranch, 481,
and *McElmoyle* v. *Cohen*, 13 Pet. 312, which are the great
leading cases in judgments, "that a declaration on a judg-
ment relies solely on the judgment itself, and not on the
proceedings by which it has been preceded, and on a plea
of *nul tiel record* and issue joined. The entry of the judg-
ment when produced gives force and validity to the record
of the previous proceedings; not the record of those pro-
ceedings to the entry of the judgment:" 2 Am. Lead. Cas.
561. If the judgment itself is perfect and regular, and the
adverse party made no objections to any previous proceed-
ings, all defects and irregularities which may have pre-
ceded the judgment are cured: *Grignon's Lessees* v. *Astor*, 2

How. 319; S. C., 15 Cur. 131, 132; *Voorhees* v. *Bank of United States*, 10 Pet. 469; S. C., 12 Cur. 197. In actions on judgments the court looks to the judgment, and if jurisdiction appears, and the judgment is regular, nothing more is required. Article 4, section 1, of the constitution, provides that "full faith and credit shall be given," etc. Here is a record before the court, certified to by the clerk and judge according to law; now, if any question is raised as to the record, is it giving full faith and credit to the judicial proceedings of Kansas? Each state has its own way of making up a record, and the record before the court shows the way adopted by the state of Kansas, evidently relying on the great principle of law before cited, "that the court looks solely to the judgment."

We come now to the question of jurisdiction, which, it is claimed, the court of Kansas did not have, because no waiver of trial by jury appears on the record. "The power to hear and determine a cause is jurisdiction:" *Grignon's Lessees* v. *Astor*, 2 How. 319; S. C., 15 Cur. 130. In the course of my argument, I propose to refer to the Kansas statutes, although I protest that they were not proven in the court below nor offered in evidence, and deny the right of the appellant to read from said statutes unless proven; but should the court, take a different view, I feel confident I can show from the same statutes that this judgment is in full force and binding. It is admitted that under the laws of Kansas the court had jurisdiction to hear and determine a case in assumpsit involving six or seven thousand dollars. The only question that remains is, does the record fail to show jurisdiction for any reason? 1. A judgment of a court will always be presumed to be regular: 5 U. S. Dig. 233. 2. If the record shows on its face jurisdiction, it is conclusive, and in this case it is shown: 2 Am. Lead. Cas. 559, 560; 2 Clinton Dig., sec. 75, p. 1098; 2 Wait Dig., sec. 35, p. 914; *Thompson* v. *Tolmie*, 2 Pet. 157; S. C., 8 Cur. 68; *Harvey* v. *Tyler*, 2 Wall. 341; *Grignon's Lessees* v. *Astor*, 2 How. 319; S. C., 15 Cur. 131, 132, 134; *Ex parte Watkins*, 3 Pet. 193; S. C., 8 Cur. 374, 375. The last two cases cited go so far as to say the jurisdiction need not be shown in the

record, but may be inferred. 3. Does the fact, that no waiver of a trial by jury appears on the record deprive the court of jurisdiction? The Kansas Statutes, sec. 226, p. 680, provide that "issues of fact shall be tried by jury unless a jury trial is waived." Section 289, page 684, provides that a jury may be waived in certain ways, but don't say that if not waived in those ways the judgment shall be void, or that there are no other modes by which a jury trial may be waived. In order to make this judgment void for want of a waiver of a trial by jury in a manner prescribed by law, the statutes would have to declare so in terms. The record does not show that any objections or exceptions were made or taken by the defendant, although it shows he was in court. The defendant should have availed himself of the advantage of this defect on an appeal or otherwise; he can not take any advantage of it here. The judgment appears regular, and the law compels the presumption that the court took all necessary steps required by law. The attorneys were compelled to bring this irregularity to the attention of the court, and failing to do so it is waived. In the great case of *Voorhees* v. *Bank of the United States*, 10 Pet. 449; S. C., 12 Cur. 197, it was urged that the record failing to show that the statutes had been complied with in five particulars, the judgment was void. Among the failures one was to file an affidavit. The court decided among other things as follows:

"It is among the elementary principles of the common law, that whoever would complain of the proceedings of a court, must do it in such time as not to injure his adversary by unnecessary delay in the assertion of his right. If he objects to the mode in which he is brought into court, he must do it before he submits to the process adopted. If the proceedings against him are not conducted according to the rules of law and the court, he must move to set them aside for irregularity; or, if there is any defect in the form or manner in which he is sued, he may assign those defects specially, and the court will not hold him answerable till such defects are remedied. But if he pleads to the action generally, all irregularity is waived, and the court can decide only on the rights of the parties to the subject-matter

of controversy; their judgment is conclusive, unless it appears on the record that the plaintiff has no title to the thing demanded, or that in rendering judgment they have erred in law; all defects in setting out a title, or in the evidence to prove it, are cured, as well as all irregularities which may have preceded the judgment. So long as this judgment remains in force, it is in itself evidence of the right of the plaintiff to do the thing adjudged, and gives him a right to process to execute the judgment; the errors of the court, however apparent, can be examined only by an appellate power; and by the laws of every country a time is fixed for such examination, whether in rendering judgment, issuing execution, or enforcing it by process of sale or imprisonment." See same case, pp: 198, 200–202; also, 2 Clinton Dig., secs. 82 and 86, p. 1099; 2 Wait Dig., sec. 42, p. 914; *Cocke* v. *Halsey*, 16 Pet. 71; S. C., 14 Cur. 194, 195; *Thompson* v. *Tolmie*, 2 Pet. 157; S. C., 8 Cur. 68; *Hovey* v. *Tyler*, 2 Wall. 342–346; *Ex parte Watkins*, 3 Pet. 193; S. C., 8 Cur. 372–375; *Kempe's Lessee* v. *Kennedy*, 5 Cranch, 173; S. C., 5 Cur. 186.

These authorities show conclusively that " irregularities and defects in proceedings " can not be made the ground for attacking a judgment, and if not objected to in time, they become waived. But the law, as is admitted, places this judgment on the same footing here as in the state of Kansas. Now I wish to inquire if no objection were made to the waiver of jury during the trial, and no appeal taken or writ of error sued out, could the defendant possibly avail himself of this irregularity? Clearly not. Further than this, under no circumstances under the laws of Kansas, will a judgment be disturbed or made void for any defect in the proceedings, when substantial justice has been done between the parties: See Kansas Stat., sec. 140, p. 655.

In addition to this, the points relied on by the defendant would avail him nothing in the state of Kansas. The fact that the court proceeded to judgment and no objections were made, is the highest evidence that the trial by jury was waived. We are, then, forced to the conclusion that the clerk omitted to make the entry. Now, section 563,

page 741, Laws of Kansas, says: "A mistake, neglect, or omission of the clerk shall not be ground of error until the same has been presented and acted upon in the court where the same occurred." Now, it does not appear that the defendant below ever made any kind of objection, and I beg to ask if this court can go further than the courts of Kansas, viz., correct or take notice of an error that the laws forbid them from doing unless presented first in the court where committed. But the laws of Kansas provide a way in which a judgment may be set aside for irregularity or defects: See secs. 568, 569, pp. 742, 743.

Now, until this judgment is set aside, modified, or vacated for erroneous proceedings, it is good and binding in Kansas and the same here. If the judgment is defective the appellant had a complete remedy under the laws of Kansas, of which he has failed to avail himself. Erroneous proceedings subsequent to a judgment can not affect its validity: 5 U. S. Dig., 233. The effect of a judgment is to settle all matters in dispute between the parties and can not be inquired into on the merits: Am. Lead. Cas., 559, 564, 566, 567, and 574; 2 Clinton Dig., sec. 63, p. 1097; sec. 80, p. 1098; sec. 96, p. 1100; 2 Wait Dig., sec. 39, p. 914. If the plaintiff in this cause can not recover on this judgment, he must lose his debt; he has no other remedy. The whole matter has been settled and adjudicated by this judgment.

By Court, JOHNSON, J.:

This was an action of debt on a judgment tried and determined in the district court of Santa Fe county, at the February term, 1871, wherein judgment was rendered against Maxwell for Stewart for nine thousand five hundred and seventy-two dollars and fifty cents. Maxwell appeals from this judgment to this court. Stewart, the appellee, a resident of the state of Ohio at the time of bringing this suit in the court below, founded his claim on a judgment for the sum of seven thousand dollars damages, and fifty dollars and twenty-five cents costs rendered in his favor against Maxwell by the district court for Morris county, in the state of Kansas, on the twenty-fourth of November, 1865.

With the petition in the court below was filed a transcript of the proceedings and judgment of the Kansas court, which shows that the appellee there sued appellant by attachment; that appellant appeared by counsel, who represented him till the conclusion of the cause.    It was claimed in the court below, and is relied upon here by the appellant for reversal of the judgment of the court below, that the judgment of the Kansas court is invalid, for the reason that the cause was tried in that court without a jury, and that the transcript of its proceedings does not show a waiver by appellant of a trial by jury.    Both appellant and appellee confine their arguments in this court to the question of the validity of that original judgment.

The constitutional provision to be considered in resolving this point is contained in the fourth article of the constitution of the United States, and is in the following words:

"Section 1.  Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.    And congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."

In accordance with this provision, congress, May 26, 1790, enacted (1 Stats. at Large, 122), among other matters, that "the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be; that said attestation is in due form, and the said record and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence the said records are or shall be taken."

According to the above-quoted enactment of congress, in order to decide as to the admissibility of the record of judgment, it was only necessary for the court below to ascertain by inspection whether said record is authenticated or not, as required by the act of congress.    Inspection of the transcript

here from the court below shows that the record of judgment therein sued on bears both the attestation of the clerk and certificate of the judge, as required by the act of congress.

It is now to be considered whether the omission by the clerk of the Kansas court from his transcript of the proceedings in the original suit of the entry on the record of the waiver of trial by jury by the defendant should have rendered the record of judgment inadmissible in the court below. The appellant, as before stated, was represented by counsel in the Kansas court, and if that court tried the cause without a jury, and without such trial by jury having been waived by the defendant, that was matter of review and correction by the appellate court of Kansas, and the defendant, the appellant here, should there have sought such redress. Such being the case, the attempt of the appellant in the court below to overthrow the record of judgment on the ground of the omission of the formal entry of such waiver was in fact an attempt to get that court to become a court of review and correction to the Kansas court. It has not been shown here, either by argument or by citation of authorities, that this judgment, unreversed as it stands, could not have been enforced in the state of Kansas on account of the omission referred to, and it is therefore to be inferred that such judgment is valid in that state, and consequently, by virtue of the act of congress before cited, it is in every respect as valid in this territory as it was in Kansas. In the case of *Voorhees* v. *Bank of the United States*, 10 Pet. 449; S. C., 12 Cur. 197, the supreme court of the United States said: "So long as this judgment remains in force it is itself evidence of the right of the plaintiff to the thing adjudged and gives him a right to process to execute the judgment. The errors of the court, however apparent, can be examined only by appellate power; and by the laws of every country a time is fixed for such examination, whether in rendering judgment, issuing execution, or enforcing it by process of sale or imprisonment." So also in *Christmas* v. *Russell*, 5 Wall. 305 *et seq.*, judgment is defined to be "the sentence of the law pronounced by the court upon the matter appearing from

the previous proceedings in the suit." Were it necessary, more extensive citations from the opinions of the supreme court upon points similar to those involved in this case might be made, but those already made are amply sufficient for the purposes of this opinion.

Now, as an unreversed judgment is a finality between the parties as to all matters to which, such judgment relates, according to the provision of the constitution of the United States before cited, and of the act of congress with reference thereto, the court below did not err.

The judgment of the court below is affirmed.