33 P.(2d) 906

In re MONTANO'S ESTATE.

MONTANO v. MONTANO.

No. 3894.

Supreme Court of New Mexico.

June 11, 1934.

Bradley M. Thomas, of Santa Fé, for appellant.

Earl D. Kenney, of Santa Fé, for appellee.

BICKLEY, Justice.

The appellant having filed a claim against the estate of Jose Antonio Montano, deceased, and a motion to strike the same having been filed by the appellee, appellee's motion came on for hearing before the probate court on the 17th day of October, 1932.

It appears from the record that the probate court signed an order from which it may be assumed that the court announced its decision on the 17th day of October, 1932, but such order was not entered until the 21st day of November, 1932.

On the 13th day of February, 1933, a petition for the removal of the administration from the probate to the district court was filed, and the administration was removed in accordance with such petition.

The appellant then moved the court for a trial de novo of the issue presented by the motion to strike appellant's claim, to which request for trial de novo appellee filed her objection on the ground that the claim of appellant had been stricken and dismissed more than 90 days previous to the filing of the petition in the district court for the removal of the administration. The district court sustained appellee's contention and denied appellant's request for a trial de novo.

Section 34-423, Comp. St. 1929, provides: " * * * And thereupon such administration shall be docketed as other causes in the district court and said court shall proceed with the administration of said estate and upon the request of any interested person shall try de novo any issue upon which the probate court may have rendered a decision within ninety days prior to the filing of said petition in the district court."

The question is, then, "When was the decision rendered in the probate court?" within the meaning of this and other statutes and rules of construction.

Appellant contends that the decision was not rendered until the order was entered on

November 21, 1932, while appellee contends that the decision was rendered on October 17, 1932, and consequently more than 90 days prior to the filing of the petition for removal.

Section 34-104, Comp. St. 1929, provides: "The clerks of the supreme and inferior courts, and of the probate judges, shall seasonably record the judgments, rules, orders and other proceedings of the respective courts and make a complete alphabetical index thereto. * * *"

Section 47-902, Comp. St. 1929, pertaining particularly to proceedings in probate courts, provides: "The county clerk shall keep a record or docket additional to the other records required by law, showing as follows: * * * Fourth. A brief minute of every step taken, or proceeding had in the course of the administration, with a reference to the volume and page of the court record where a complete record thereof may be found."

The first of these statutes is the same and the second not dissimilar to one considered in State v. Capital City Bank, 31 N. M. 430, 246 P. 899.

Appellee's able and diligent counsel argues that the words "rendered," "filed," and "entered" are words of well-known signification, and that, when the Legislature employed the words "rendered a decision," that body did not mean "entered a decision." He cites many cases in which "rendered" and "entered" are held to be properly distinguishable terms.

We think the principles announced in State v. Capital City Bank, 31 N. M. 430, 246 P. 899, will control our decision in the case at bar. This court in that case did not overlook the proposition that generally the rendition and entry of a judgment are two separate acts and different in their nature, nor that generally as between the parties to the judgment it is enforceable, although not entered. It was there held: "In determining the time within which a cost bond must be filed, an order in writing signed by the district judge, allowing an appeal, becomes effective as the judgment of the court when the same is filed with the clerk, for entry in the record, and not on the date of the signing of the order."

We quoted with approval from Smith v. Smith, 103 Ohio St. 391, 133 N. E. 792, 794, as follows: "This question has been recently before this court in Industrial Commission of Ohio v. Musselli, 102 Ohio St. 10, 130 N. E. 32. In that case it was held that the court speaks through its journal, and a judgment is not rendered until it is reduced to a journal entry. Slight reflection will show the necessity of this rule. Otherwise doubt and controversy would constantly arise as to what the judgment or order of the court and its date were. But in furtherance of justice an order nunc pro tunc may always be entered."

We now hold that, within the contemplation of section 34-423, Comp. St. 1929, a decision of an issue by the probate court is not completely and effectively rendered until it has been entered of record.

The judgment of the district court is therefore reversed. The cause will be remanded

for further proceedings consistent with this opinion. It is so ordered.

WATSON, C. J., and SADLER, HUD-SPETH, and ZINN, JJ., concur.