559 P.2d 411

**LEONARD FARMS, a partnership, Plaintiff-Appellee and Cross-Appellant,**

v.

**CARLSBAD RIVERSIDE TERRACE APARTMENTS, INC., et al., Defendants-Appellees and Cross-Appellees,**

v.

**INVESTOR PROPERTIES, INC., Defendant-Appellant and Cross-Appellee,**

v.

**PIONEER NATIONAL TITLE INSURANCE COMPANY, Intervenor-Appellant and Cross-Appellee.**

**No. 10700.**

Supreme Court of New Mexico.

Jan. 26, 1977.

Robertson & Reynolds, John W. Reynolds, Silver City, Martin, Martin & Lutz, R. Wilson Martin, Charles W. Cresswell, Las Cruces, for appellants.

Crouch, Parr & Herring, Walter R. Parr, Las Cruces, for appellees.

## OPINION

McMANUS, Justice.

The background for the case before us appears in *Leonard Farms v. Carlsbad Riverside Ter. Apts. Inc.*, 86 N.M. 241, 522 P.2d 576 (1974). The sole issue on that appeal was whether or not the district court committed error in denying Leonard Farms' motion for an accounting because of lack of jurisdiction.

Leonard Farms (Leonard) made a mortgage payment to Kansas City Life, the senior mortgagee, on February 1, 1971, after Carlsbad defaulted in its payments. Leonard then brought a foreclosure action on its mortgage, and judgment was entered in its favor on November 12, 1971. Leonard subsequently purchased the Luna County property at the foreclosure sale on January 24, 1972. Investor Properties, Inc. (Investor), through a series of assignments, obtained the right of redemption and redeemed the property in May of 1972. Between the date of the foreclosure sale and the redemption by Investor, Leonard made another mortgage payment on February 1, 1972. After the mandate, the district court, sitting without a jury, heard the motion for an accounting. At the conclusion of this hearing the trial court held, "That the equitable lien should not be impressed on the Luna County property which was the land originally under foreclosure in this action." and "That an equitable lien should be impressed on the Grant County land which was the subject of the mortgage [redemption bond]." Further the court ordered that the defendant, Investor, was indebted to Leonard in the amount of $83,090.95, the total of both mortgage payments made by Leonard, plus interest of $23,433.27. The court also awarded plaintiff $8,000.00 in attorneys' fees. The court then imposed an equitable lien on the Grant County property to secure this sum. We reverse the trial court.

### I. The first mortgage payment.

■ Leonard cannot recover the mortgage payment made prior to the foreclosure decree of November 12, 1971. In its complaint in the foreclosure case, Leonard asked that the land be sold, and that the proceeds of such sale be applied to the "amounts found to be due to the plaintiffs at the time of judgment and sale." Leonard did not request in its pleadings that the amount of the first mortgage payment be included in the judgment, nor was such amount included. A court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried. *Federal National Mortgage Ass'n v. Rose Realty, Inc.*, 79 N.M. 281, 442 P.2d 593 (1968); *Holmes v. Faycus*, 85 N.M. 740, 516 P.2d 1123 (Ct.App.1973). Since the first mortgage payment had accrued prior to the decree of November 12, 1971, it was a necessary part of Leonard's claim in that action, if it expected to recover the same. A party may not split his demand and prosecute it piecemeal, or present a part of the grounds upon which such a cause of action is founded and leave the remainder to be presented in a subsequent suit if the first fails. *Fidelity & Deposit Co. of Maryland v. Hobbs*, 144 F.2d 5 (10th Cir. 1944). The effect of the judgment in the foreclosure action is to bar Leonard from resurrecting the claim for the first mortgage payment.

### II. The second mortgage payment.

■ The trial court also held that Investor was liable for the second mortgage payment made by Leonard during the redemption period on February 2, 1972. We agree with this disposition. The trial court determined that this payment was not included in the redemption amount. In our previous decision we cited *Keel v. Vinyard*, 48 Idaho 49, 279 P. 420 (1929), for the proposition that although the redemption statute does not specifically allow recovery for the mortgage payments made during the redemption period, equity will permit the junior mortgagee to recover these expenses from the redemptioner. The court properly assessed this amount against Investor. This payment differs from the first mortgage payment because it was made subsequent to the decree in the foreclosure action. Thus, Leonard Farms could not have properly as-

serted a claim for this amount in the original action, and the redemption procedure was the appropriate place to assert such a claim.

### III. The equitable lien against the Grant County property.

■ The trial court granted an equitable lien against the Grant County property to secure the judgment rendered against Investor. The order also stated that "such lien is superior to any claim of lien of Investor Properties, Inc. and all persons claiming by, through, and under Investor Properties, Inc., either as purchaser or lienholder and such persons are hereby barred and foreclosed from any right, title, or interest of any claim or demand of whatsoever nature." This was clearly improper in view of the previous orders issued by the trial court which released both the Luna County and Grant County property.

The trial court originally imposed a mortgage upon the Grant County property pursuant to a stipulation by the parties that the land would be pledged as security for a bond to release the Luna County property. This agreement was entered into before the court on May 1, 1972, and the trial court at that time ordered the Luna County land conveyed to Investor "without further liens or rights as to the parties to this suit as against the ultimate purchasers thereof." On May 18, 1973, the court issued an order releasing the Grant County property, and the clerk of the court released the mortgage that same day.

In our first encounter with this case we held that the trial court should have ordered an accounting and that it had jurisdiction to impose an equitable lien for any additional amounts owing. However, it was error for the trial court to impose an equitable lien on the Grant County land *after* the entry of the order of May 18, 1973 releasing the mortgage on the property. In *Keel v. Vinyard,* supra, it was held that a party who makes payments to protect his interest in land which is later redeemed is entitled to recover such payments through an equitable lien on *the redeemed property.*

The Grant County land was not the subject of redemption, and the court lacked jurisdiction to impress an equitable lien on the property after the mortgage was released.

■ The record also shows that innocent third parties have acquired interests in both the Luna and Grant County land. Since no lis pendens notice of supersedeas bond was posted following the disposition by the trial court, the subsequent purchasers, mortgagees and lienholders are bona fide purchasers for value without notice of any defect and therefore, equity will not operate to divest or impair their title or interest. See generally *Sundie v. Harren,* 253 So.2d 857 (Fla.1971); *Ure v. Ure,* 223 Ill. 454, 79 N.E. 153 (1906); *Rose v. Cox,* 297 Ky. 458, 179 S.W.2d 871 (1944). Consequently, the appropriate remedy in this instance is simply a money judgment against Investor for the value of the mortgage payment made by Leonard during the redemption period and interest thereon.

### IV. Attorneys' fees.

■ Appellants also object to the award of $8,000.00 in attorneys' fees. We have held that attorneys' fees are not to be awarded absent specific statutory authority or rule of court. *Lujan v. Merhege,* 86 N.M. 26, 519 P.2d 122 (1974). There is no statutory provision which permits the recovery of attorneys' fees in a proceeding on a motion for an accounting or in an equitable lien action. There was also no contract between Leonard and Investor which contemplated the payment of attorneys' fees, therefore, the award of attorneys' fees was improper. The trial court may have based this portion of the judgment on the contract between Kansas City Life and Carlsbad which does have a clause through which attorneys' fees may be awarded. Leonard had submitted its claim for the mortgage payments on a subrogation theory under which Leonard could assert its right to payment and attorneys' fees as a subrogee of Kansas City Life. Since we do not adopt that theory and do not agree that Leonard's claim is derived from the Kansas City Life

contract, we hold that Leonard may not recover the attorneys' fees.

IT IS SO ORDERED.

OMAN, C. J., and GERALD D. FOWLIE, District Judge, concur.