571 P.2d 409

NAVAJO DEVELOPMENT CORPORATION, a New Mexico Corporation, formerly Mesa Investment Company, Inc., and Valley Land and Development Company, Inc., a corporation, Plaintiffs-Appellees,

v.

RUIDOSO LAND SALES COMPANY, INC., a corporation, and James D. Kerley and Peggy Kerley, husband and wife, Defendants-Appellants,

and

Coca Cola Bottling Company, Garnishee.

No. 11455.

Supreme Court of New Mexico.

Nov. 17, 1977.

Durrett & Conway, Charles W. Durrett, Thomas G. Cornish, Jr., Alamogordo, for defendants-appellants.

Dutton, Winchester & Underwood, H. John Underwood, Las Cruces, for plaintiffs-appellees.

OPINION

SOSA, Justice.

Navajo Development Corp. (Navajo), plaintiffs-appellees, filed suit against Ruidoso Land Sales Co. (Ruidoso), defendants-appellants, for non-payment of a promissory note. The parties entered into a stipulation and pursuant thereto the trial court rendered judgment on June 18, 1969, which judgment was entered of record on July 11,

1969. Thereafter, a writ of garnishment was entered against Coca Cola Bottling Co., garnishee, on October 14, 1971.

On July 6, 1976, Navajo filed a revival of the transcript of judgment, however, Ruidoso moved the court to discharge the writ claiming that the statute of limitations had lapsed on the original judgment. The court denied the motion and Ruidoso has appealed.

The dispositive issue concerns whether the statute of limitations, § 23–1–2, N.M.S.A.1953 (Supp.1975), began to run as of the date of rendition of judgment or, alternatively, the date of entry of judgment.

To answer this question we must look to the language of the germane sections of the code. The pertinent portion of § 23–1–2 reads as follows:

> Actions founded upon any judgment of any court of the state may be brought within seven [7] years from and after rendition or revival of the judgment, and not afterward * * *.

New Mexico Rule of Civil Procedure 58 [§ 21–1–1 (58) N.M.S.A.1953 (Repl.1970)] states:

> Entry of judgment.—Judgment shall be entered when the court so directs. In all cases where the court has directed entry of judgment counsel for the prevailing party shall prepare the form of judgment in accordance with the direction of the court and the judge shall promptly settle, approve and sign the form of judgment which shall thereupon be filed in the clerk's office and the filing of such judgment, signed by the judge, constitutes the entry of such judgment, and *no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided.* (Emphasis added).

It is Ruidoso's contention that "rendition" occurs when the court announces or signifies the judgment either orally or by written memorandum. It further argues that "entry" is purely a ministerial function of the court clerk. Ruidoso then concludes that the rendition of judgment activated the statute of limitations, and accordingly, the seven-year period lapsed on June 18, 1976. We do not agree.

 Sections 23–1–2 and 21–1–1 (58) shall be read in pari materia, and therefore, we hold that within the contemplation of § 23–1–2 a judgment is not completely and effectively rendered until it has been entered of record. *Cf., In Re Montano's Estate,* 38 N.M. 355, 33 P.2d 906 (1934) (decision of probate court is not "rendered" until it has been entered of record). Consequently the statute of limitations does not begin to run until the judgment has been entered.

For the foregoing reasons, the trial court is affirmed.

McMANUS, C. J., and FEDERICI, J., concur.