684 P.2d 543

**CITY OF ALBUQUERQUE, a municipal corporation, Plaintiff-Appellee, Cross-Appellant,**

v.

**James W. JACKSON, d/b/a Motel One, Defendant-Appellant, Cross-Appellee.**

**No. 7255.**

Court of Appeals of New Mexico.

June 5, 1984.

Certiorari Denied July 19, 1984.

458

James P. Fitzgerald, Asst. City Atty., Albuquerque, for plaintiff-appellee, cross-appellant.

Richard V. Earl, McCulloch, Grisham & Lawless, P.A., Albuquerque, for defendant-appellant, cross-appellee.

## OPINION

ALARID, Judge.

This appeal arises from a complaint to abate ordinance violations filed against defendant Jackson by the City of Albuquerque (City) on February 11, 1982. The City sought to abate Jackson's maintenance of a fifty-foot, free-standing advertising sign erected in violation of the City's zoning code which limits such signs to twenty-six feet in height. Jackson counterclaimed against the City alleging that the advertising sign regulation was unconstitutional and that the City had maliciously and intentionally harassed Jackson by attempting to enforce its sign regulation, resulting in damages to Jackson. The City was granted summary judgment on its claims and on Jackson's counterclaims. The district court, however, allowed Jackson to file an amended counterclaim to allege that the defendant was entitled to just compensation for the removal of its sign, and after a bench trial Jackson was awarded compensation in the amount of $1,000.00. Jackson appeals the adverse summary judgment order and the amount of just compensation awarded. City cross-appeals the trial court's award of any amount of compensation. We affirm the granting of summary judgment in favor of the City and reverse the award of compensation for defendant Jackson.

### I. Timeliness of Appeal

We first answer the question as to the timeliness of Jackson's appeal from the summary judgment. Our concern is not with the contents of the notice of appeal (which refers to both the July, 1982 summary judgment and the April, 1983 damage judgment), but with the timeliness of the notice of appeal, filed May 9, 1983 from the July, 1982 summary judgment. In this case, the appeal was timely because the summary judgment was not a final judgment. Although the judgment disposed of all issues in connection with the original complaint and counterclaim, the same order

authorized Jackson to amend the counterclaim to assert a claim under NMSA 1978, Section 42A–1–34 (Repl.Pamp.1981). Under these circumstances, "all" claims were not disposed of, and the magic words of NMSA 1978, Civ.P.Rule 54(b)(1) (Repl. Pamp.1980) ("no just reason for delay"), are missing. *Montoya v. Anaconda Mining Co.,* 97 N.M. 1, 635 P.2d 1323 (Ct.App. 1981). On this basis, we hold the appeal was timely.

## II. Jackson's Reliance on Prior Decision

■ The undisputed facts show that Judge Franchini's decision holding the ordinance unconstitutional in *Temple Baptist* was in March, 1981; that Jackson erected his sign in November 1981; that his sign was fifty feet high; that under the ordinance the sign could not be more than twenty-six feet high; that the City action to require Jackson to comply with the ordinance was filed in February, 1982; that *Temple Baptist Church v. City of Albuquerque,* 98 N.M. 138, 646 P.2d 565 (1982) was decided in May, 1982 and rehearing was denied in June, 1982; and that the summary judgment in this case was entered in July, 1982.

Jackson asserts that he could rely on Judge Franchini's decision in *Temple Baptist* while that case was pending on appeal. We disagree. The trial court erroneously ruled, that at the time Jackson erected his sign, the ordinance had been declared unconstitutional and therefore was of no force or effect.

The *Temple Baptist* decision was appealed in March, 1981. NMSA 1978, Section 39–3–23 provides that the City's appeal automatically stayed Judge Franchini's decision. *See Robinson v. Memorial General Hospital,* 99 N.M. 60, 653 P.2d 891 (Ct.App. 1982). This being a procedural matter, however, the statute is not to be enforced contrary to a Supreme Court Rule. *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976); *State v. Herrera,* 92 N.M. 7, 582 P.2d 384 (Ct.App. 1978). NMSA 1978, Civ.P.Rule 62(e) (Repl. Pamp.1980) provides that an appeal by the

state or any political subdivision operates as a stay "except as provided in Subdivisions (a) and (c)." *State ex rel. N.M. Highway Department v. Silva,* 98 N.M. 549, 650 P.2d 833 (Ct.App.1982). The injunction in Judge Franchini's ruling went only to the plaintiffs in *Temple Baptist,* and Jackson was not a party in that case. The other types of actions mentioned in Subdivisions (a) and (c) are not involved here.

It should be noted that the City moved for partial stay of Judge Franchini's judgment, asking that the judgment be made inapplicable to signs erected thereafter and that the City be permitted to continue requiring newly erected signs to conform with the sign ordinance. This motion was denied, but the denial did no more than leave Judge Franchini's judgment in effect under Civ.P.Rule 62(a). This makes no difference because the judgment was stayed under the provisions of Civ.P.Rule 62(e). Consequently, there is no merit in Jackson's argument that he could rely on the Franchini judgment in deciding to erect his sign.

### A.  *Summary Judgment—Procedure*

Jackson asserts that the City failed to make a showing entitling it to summary judgment. He pled affirmative defenses in his answer and also counterclaimed. Under *Fidelity National Bank v. Tommy L. Goff, Inc.,* 92 N.M. 106, 583 P.2d 470 (1978), the City's burden was to show an absence of material facts as to the affirmative defenses and as to the counterclaim. Jackson argues this burden was not met.

■ The City responds that it relied on a presumption of validity. We agree. It is fundamental that an ordinance as well as a statute is presumed to be valid and that one who attacks it has the burden of coming forward with evidence of its invalidity. *City of Lovington v. Hall,* 68 N.M. 143, 359 P.2d 769 (1961); *City of Alamogordo v. McGee,* 64 N.M. 253, 327 P.2d 321 (1958). Limiting our consideration to the burden of coming forward with evidence, this presumption is consistent with NMSA 1978, Evid.Rule 301 (Repl.Pamp.1983). The pre-

sumption served to meet the City's burden of showing an absence of material facts as to the affirmative defenses and counterclaim. Consequently, it devolved upon Jackson to show there was a factual issue which would defeat the City's summary judgment motion.

### B. *Summary Judgment—Merits*

In light of *Temple Baptist,* Jackson does not claim the sign ordinance is facially invalid. Rather, his claim is that the ordinance is unconstitutional as applied to him. The challenge is based on free speech and due process grounds.

■ The speech claim is whether the ordinance leaves open ample alternative channels of communication. *See Temple Baptist,* 98 N.M. at 146, 646 P.2d 565. Jackson relies on statements in his affidavit that a fifty-foot sign is "necessary" to be visible to and attract passing motorists. Granted that a fifty-foot sign would help Jackson's motel business, this says nothing about alternative means of communication. The City points out that, at the damage trial, Jackson testified that he has three signs on his premises, and two drawing attention to the motel. This testimony occurred after the summary judgment. Although there was nothing raising a factual issue as to alternative means of communication at the time of summary judgment, testimony after the judgment supports the view that such alternatives exist in this case. Jackson failed to meet his burden on the speech issue so as to entitle him to a trial.

■ The due process claim is that enforcement of the ordinance would deprive Jackson of substantially all of the beneficial use of his property. Jackson relies on the statement in his affidavit that if he was to remove the sign he would lose substantial business and be required to lay off employees. These are conclusions, not supported by facts. NMSA 1978, Civ.P.R. 56(e) (Repl.Pamp.1980); *Matney v. Evans,* 93 N.M. 182, 598 P.2d 644 (1979). Jackson's statements in his affidavit raised no factual issues as to being deprived of substantially all of the beneficial use of his property. Testimony at the damage trial, after the summary judgment, sustains two inferences—either Jackson had no factual basis evidencing a substantial deprivation or there would be no substantial deprivation.

In his reply brief, Jackson asserts there was a factual issue as to his civil rights claim. We do not read his counterclaim to assert such a claim. *See Armijo v. Albuquerque Anesthesia Services,* 101 N.M. 129, 679 P.2d 271 (Ct.App.1984). Even assuming the civil rights claim was raised, it is based on the free speech and due process contentions. No factual issue existed thereon.

■ Jackson did contend that the City's efforts to enforce the ordinance against him was "with bad faith and malicious intent to harass Jackson and deprive him of his constitutional guarantees of freedom of speech and due process of law." The only showing is that the City proceeded in good faith. Jackson's affidavit asserts the City has taken no action to abate other signs in the vicinity of Jackson's sign. The City points out that under *Temple Baptist* there may be some nonconforming signs. Jackson's "no action" claim was insufficient to raise a factual issue as to bad faith harassment. Jackson also asserts that there is a factual issue as to bad faith because Judge Franchini had declared the ordinance unconstitutional. We have pointed out that Jackson could not rely on that decision; we have also pointed out that the order enforcing the ordinance against Jackson was not entered until after *Temple Baptist* upheld the ordinance. There was no factual issue as to this claim that would defeat the summary judgment. Consequently, we affirm the summary judgment.

### III. Other Issues

■ It is undisputed that Jackson erected his sign in November, 1981, in violation of the sign ordinance. Section 42A–1–34 does not authorize payment of compensation for unlawfully erected signs. The only way for the sign to have been lawfully

erected is to say the ordinance was unenforceable from the time of Judge Franchini's decision until the Supreme Court decided the appeal. As explained above, the district judge's decision was stayed pending the appeal. Therefore, we conclude the trial court here erred in its ruling that the sign was lawfully erected because it was erected after Judge Franchini's decision.

Because compensation may not be recovered in this case, we need not reach the lost profits issue. We also do not reach the issue as to whether the lowering of Jackson's sign by twenty-four feet would constitute a "removal," pursuant to Section 42A–1–34.

For the foregoing reasons, we hold the appeal in this case was timely; summary judgment against Jackson was proper; Jackson should not have received $1,000.00 to lower his sign. We affirm the summary judgment, but reverse the $1,000.00 award in favor of Jackson. No appellate costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.