690 P.2d 1044

**Leonard FARMS, a Partnership, Plaintiff-Appellee,**

v.

**CARLSBAD RIVERSIDE TERRACE APARTMENTS, INC., et al., and Investor Properties, Inc., Defendants-Appellants.**

**No. 7688.**

Court of Appeals of New Mexico.

Oct. 18, 1984.

H. Vern Payne, Payne & Ranquist, P.C., Albuquerque, Frederick H. Sherman, Sherman & Sherman, P.C., Deming, for defendants-appellants.

Walter R. Parr, Walter R. Parr, P.C., Las Cruces, for plaintiff-appellee.

## OPINION

DONNELLY, Chief Judge.

Investor Properties, Inc. (Investor) appeals from an order of the district court denying its motion to vacate a judgment lien obtained by Leonard Farms and recorded against property owned by Investor. The single issue raised on appeal is whether an appeal tolls the statute of limitations and extends the time within which a judgment-creditor may execute or foreclose upon a judgment lien.

### FACTS

This litigation has a complex and lengthy history. This is the third appeal arising out of a dispute between the parties. *See Leonard Farms v. Carlsbad Riverside Terrace Apartments, Inc.,* 86 N.M. 241, 522 P.2d 576 (1974) (*Leonard Farms I*); *Leonard Farms v. Carlsbad Riverside Terrace Apartments, Inc.,* 90 N.M. 34, 559 P.2d 411 (1977) (*Leonard Farms II*).

Leonard Farms filed suit against Carlsbad Apartments to foreclose on its second mortgage. On January 24, 1972 Leonard Farms purchased the property at a foreclosure sale. Thereafter, Investor purchased an assignment of the judgment-creditor's right of redemption and redeemed the property.

On October 1, 1975, the trial court entered a judgment in favor of Leonard Farms against Investor in the sum of $114,524.72. The judgment included an

award of $42,270.20 for a mortgage payment made on February 1, 1971 by Leonard Farms as second mortgagee on the defaulted first mortgage. The judgment also included a first mortgage payment of $40,820.75 paid on February 1, 1972 and attorneys' fees of $8,000 plus fees and costs.

The judgment was appealed to the supreme court (*Leonard Farms II*) and was affirmed in part and reversed in part. The court reversed the trial court's award of judgment for the amount of a mortgage payment and interest paid by a junior mortgagee made prior to the foreclosure decree and the award of attorneys' fees. In addition, the court held that Investor as redemptioner was liable for the amount of the mortgage payment made by Leonard Farms during the redemption period. On remand, the modified judgment which affirmed Leonard Farms' judgment against Investor was entered on March 21, 1977. A supersedeas bond was not filed when the October 1, 1975 judgment was appealed. Leonard Farms also never filed to revive the October 1, 1975 judgment.

On May 19, 1983 Investor filed a motion to vacate the judgment against its property located in Luna County, New Mexico and to quiet the title of the land subject to the judgment held by Leonard Farms. Following a hearing the trial court denied Investor's motion.

**STATUTE OF LIMITATIONS**

The issue in this case is whether the judgment lien held by Leonard Farms was barred by the seven-year statute of limitations.

NMSA 1978, Section 37–1–2 specified prior to its 1983 amendment that actions founded on any judgment may be brought within seven years "from and after the rendition or revival of the judgment, and not afterward." *See also* NMSA 1978, § 39–4–13. Investor contends that the seven-year statute of limitations began to run on October 2, 1975, the date of entry of the original judgment. It argues that the statute of limitations expired on October 2, 1982.

The statute of limitations commences to run upon a judgment from the date of its entry as long as it is a final judgment and has not been stayed for any reason. *Stanley C. Hanks Co. v. Scherer*, 259 Wis. 148, 47 N.W.2d 905 (1951), 27 A.L.R.2d 832 (1951); *see also Slade v. Slade*, 81 N.M. 462, 468 P.2d 627 (1970). A judgment is not completely and effectively rendered until it has been entered of record. *Navajo Development Corp. v. Ruidoso Land Sales Co.*, 91 N.M. 142, 571 P.2d 409 (1977). Although a judgment may be voidable in part, it has the same force and effect as though no error existed and until superseded, reversed, or vacated it is binding, enforceable, and possesses all of the attributes of a valid judgment. *State v. Patten*, 41 N.M. 395, 69 P.2d 931 (1937); *In re Field's Estate*, 40 N.M. 423, 60 P.2d 945 (1936).

A judgment is presumed to be valid until vacated as long as the judgment was within the jurisdiction of the court rendering it. *In re Field's Estate. See also Malick v. Malick*, 271 Or. 183, 530 P.2d 1243 (1975). An appeal from a final judgment does not affect the judgment-holder's right to execute upon the judgment. An appeal, therefore, does not postpone or suspend the operation of the statute of limitations from the date of entry of a final judgment unless a supersedeas bond is posted or a stay of enforcement is ordered by the court. *See generally Annot.*, 123 A.L.R. 565 (1939); *Annot.*, 21 A.L.R. 1038 (1922); NMSA 1978, §§ 39–3–9, 39–3–22; NMSA 1978, Civ.P.R. 62 (Repl.Pamp. 1980); *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963). An unreversed judgment is a finality between the parties as to all matters to which the judgment relates. *Stewart v. Maxwell*, 1 N.M. 563 (1873). The affirmation of the judgment by the appellate court against Investor simply reaffirms the finality of the original judgment.

The running of the statute of limitations for executing judgments is rarely stayed. *E.g., Lent v. Employment Security Commission of the State of New Mexi-*

*co,* 99 N.M. 407, 658 P.2d 1134 (Ct.App. 1982), *cert. quashed,* 99 N.M. 226, 656 P.2d 889 (1983). An appellant must post a supersedeas bond on appeal in order to stay the execution of any final judgment of the district court. Section 39–3–22. Similarly under NMSA 1978, Section 39–3–4(C), the taking of an interlocutory appeal does not stay proceedings in the district court unless expressly ordered by the court. Automatic stays are only imposed where the appellant is a state, county, or municipal corporation. NMSA 1978, § 39–3–23. *See City of Albuquerque v. Jackson,* 101 N.M. 457, 684 P.2d 543 (Ct.App.1984).

A final judgment was rendered against Investor on October 1, 1975 and properly filed on October 2, 1975. Investor did not post a supersedeas bond at the time of the filing of its appeal in 1975, and Leonard Farms did not seek to enforce, revive, or execute upon the judgment at any time within seven years of the original entry of the judgment in question.[1] Under these facts the seven-year statute of limitations provided under Section 37–1–2 has expired.

 Leonard Farms argues that Section 37–1–2, which provides that "[a]ctions founded upon any judgment" may be brought within seven years, should be interpreted to include the judgment entered on the mandate following the appeal in *Leonard Farms II.* We disagree. The opinion and mandate issued in *Leonard Farms II* both affirmed in part and reversed in part the decision of the trial court. The statute of limitations com-menced running upon the trial court's entry of judgment on October 2, 1975 and was not stayed on appeal. The statute of limitations ran uninterrupted regarding the portion of the judgment affirmed by the supreme court in *Leonard Farms II.*

According to NMSA 1978, Section 39–1–20, execution upon a judgment must issue within seven years after the rendition or revival of a judgment. When the supreme court affirmed Investor's liability for the amount of the second mortgage payment, the court merely reiterated the liability of Investor found in the October 1, 1975 judgment held by Leonard Farms.

 We hold that the statute of limitations was not tolled by the appeal following the entry of the judgment obtained by Leonard Farms on October 2, 1975 and the period of time within which the judgment-creditor may enforce the judgment or the lien arising therefrom has expired.

The order denying Investor's motion to vacate the judgment lien is reversed.

Investor is awarded its costs on appeal. **IT IS SO ORDERED.**

WOOD and MINZNER, JJ., concur.

---

**1.** Section 37–1–2 authorizing actions upon a judgment was amended in 1983 to extend the period of enforcement from seven to fourteen years. N.M. Laws 1983, ch. 259, § 3, expressly provided that "[n]othing in this act shall be construed to revive a judgment for which the statute of limitation has expired under prior law." Seven years had already expired after the entry of the 1975 judgment prior to the effective date of the amendment of Section 37–1–2.