746 P.2d 1116

The BANK OF SANTA FE, a New Mexico State banking corporation, and Fiesta Arabians, an Arizona General Partnership, Plaintiffs–Appellees,

v.

HONEY BOY HAVEN, INC., a New Mexico corporation, Defendant-Appellant.

No. 17069.

Supreme Court of New Mexico.

Dec. 4, 1987.

Rehearing Denied Dec. 28, 1987.

Joseph A. Sommer, Jack N. Hardwick, Sommer, Udall & Hardwick, P.A., Santa Fe, for appellant.

Steven L. Tucker, Francis J. Mathew, Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., Santa Fe, for appellees.

## OPINION

WALTERS, Justice.

The Bank of Santa Fe and its assignee Fiesta Arabians filed a collection and foreclosure action against Honey Boy Haven, Inc. (Honey Boy) and Mr. and Mrs. Clifford Baltzley upon default in payment on two promissory notes. The Baltzleys cross-claimed against Honey Boy, and filed a third-party claim against John Rote, a shareholder and one-time Chairman of the Board of Honey Boy. Honey Boy filed cross-claims against the Baltzleys. The trial court entered a default judgment against Rote and granted the Bank's motion for summary judgment against Honey Boy. The remaining cross-claims are pending. Honey Boy appealed the entry of summary judgment, and the Bank moved this Court to dismiss the appeal as moot because Honey Boy failed to post a supersedeas bond pursuant to NMSA 1978, Section 39-3-22, to stay the judgment or the order affirming foreclosure. Because all parties parted with their interests in the real estate at the sale, the Bank argues that the appeal cannot affect the rights of the litigants. We deny the motion to dismiss the appeal, but affirm the trial court's entry of summary judgment.

The issues on appeal are whether Honey Boy is liable on the promissory notes and mortgages executed by Mr. Baltzley as president of Honey Boy, and whether the subsequent foreclosure sale of Honey Boy's property was valid. Honey Boy contends that Baltzley had no authority to execute the first note for a $1,000,000 loan from the Bank nor the subsequent note for money to cover an interest payment on the first loan; that Honey Boy did not have sufficient knowledge to ratify the execution of the first note because Baltzley withheld material facts from the board of directors; and that the board could not have ratified the execution of the notes because it was not a de jure board but, rather, an illegally constituted board.

The Bank points out that the board of directors twice passed resolutions authorizing and recognizing the validity of the execution of the notes, having full knowledge of Honey Boy's obligation to the Bank. It further urges that the board of directors at least constituted a de facto board that had authority to ratify the execution of the notes. Because the board had such proper authority, retained the benefits from the loans, failed to repudiate the loans, and repeatedly recognized the obligation to repay the loans, the Bank claims ratification of Baltzley's execution of the notes by the board, and Honey Boy's resultant liability under the notes.

An appellant must post a supersedeas bond on appeal in order to stay the execution of any final judgment. *Leonard Farms v. Carlsbad Riverside Terrace Apartments, Inc.*, 102 N.M. 50, 53, 690 P.2d 1044, 1047 (Ct.App.1984). Although an appeal may be taken without superseding the trial court judgment, an appeal alone does not prevent enforcement of that judgment. *Samples v. Robinson*, 58 N.M. 701, 708, 275 P.2d 185, 189 (1954). An unreversed judgment is final between parties as to all matters to which the judgment relates, *Leonard Farms*, 102 N.M. at 52, 690 P.2d at 1046, but it is universally agreed that if a district court's judgment is reversed, the party against whom the erroneous judgment was issued is entitled upon reversal to have his property restored to him by his adversary. *E.g., Atlantic Coast Line R.R. v. Florida*, 295 U.S. 301, 309, 55 S.Ct. 713, 716, 79 L.Ed. 1451 (1935); *St. Regis Paper Co. v. Kerlin*, 476 So.2d 64, 66 (Ala.1985); *American Bankers Life Assurance Co. v. Williams, Salomon, Kanner & Damian*, 399 So.2d 365, 366 (Fla.Dist.Ct. App.1981); *Clay v. Clay*, 707 S.W.2d 352, 353 (Ky.App.1986); *Guaranty Sav. Assurance Co. v. National Am. Bank*, 407 So.2d 795, 797 (La.App.1981), *cert. denied*, 410 So.2d 1135 (La.1982); *Plumbago Mining Corp. v. Sweatt*, 444 A.2d 361, 367 (Me.), *cert. denied*, 459 U.S. 831, 103 S.Ct. 71, 74 L.Ed.2d 70 (1982); *Moore v. Baugh*, 106 Mich.App. 815, 819, 308 N.W.2d 698, 700 (1981); *State ex rel. State Highway*

*Comm'n v. Morganstein,* 588 S.W.2d 472, 477 (Mo.1979); *Harris v. Stacy Racing, Inc.,* 53 N.C.App. 597, 598, 281 S.E.2d 455, 457 (1981), *cert. denied,* 304 N.C. 726, 287 S.E.2d 900 (1982). Failure to post a supersedeas bond to stay a foreclosure sale pending review, therefore, does not bar restitution. *American Bankers,* 399 So.2d at 367. The order of sale of Honey Boy's property described in the summary judgment, which the trial court had jurisdiction to enter, enforce, and approve, did not render this appeal moot because if the judgment were to be reversed, Honey Boy would be entitled to restitution of all benefits that Fiesta Arabians received from the sale during the pendency of this appeal. We thus address the merits of the appeal.

· [5] Officers and directors of a privately held corporation who are elected or chosen with illegal or improper votes, or elected at a meeting which might have been called and conducted irregularly or held without proper notice, are de facto directors or officers when they hold an office under color of an election or appointment and continuously perform the functions of that office. 2 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 376 (rev. perm. ed. 1982); 5 W. Fletcher, § 2044 (rev. perm. ed. 1987); *South Seas Corp. v. Sablan,* 525 F.Supp. 1033, 1038 (D.N.Mariana Islands 1981), *aff'd,* 691 F.2d 508 (9th Cir.1982). Whether the board of directors of Honey Boy was elected with illegally issued stock or at a meeting in contravention of Honey Boy's by-laws is not a material issue on this appeal. That matter appears to be the subject of the cross-claims still pending.

■ The relevant inquiry here yields the unmistakable conclusion that the board constituted a de facto board and, therefore, had the authority to ratify and validate the execution of the two notes. The board conducted itself pursuant to the functions of the office. It ratified the first loan by resolution on August 24, 1983, and reaffirmed the obligation at an annual meeting of shareholders and directors on May 9, 1984. The evidence showed, too, that Honey Boy's financial statements for the years ending December 31, 1983, 1984, and 1985, reflected the loan and its accrued interest as liabilities. Additionally, on September 30, 1985, the board directed Baltzley to execute a promissory note for a loan from the Bank to make an interest payment ($133,954.75) on the first loan. Ratification of the action of a corporate officer for which antecedent authority might not have existed may be either express or implied, and may arise through the corporation's acquiescence in or recognition of its officer's unauthorized act, or by actions of the corporation representing an acceptance or adoption of the unauthorized act. *See–Tee Mining Corp. v. National Sales, Inc.,* 76 N.M. 677, 681, 417 P.2d 810, 812 (1966). Having the authority to do so, the board expressly ratified Baltzley's execution of the two notes.

■ The only material facts concerning the board's knowledge of the loans and its obligation to the Bank are "those which substantially affect the existence or extent of the obligation involved as distinguished from those which affect the values or inducements involved in the transaction." *Id.* at 680, 417 P.2d at 812. The material facts of the existence of the loans and the obligation to repay are not disputed. What Honey Boy or Baltzley may or may not have done with the proceeds of the loan after it was obtained, or whether Baltzley may or may not have breached an agreement with Rote or violated the by-laws of the corporation in executing the notes, are immaterial to the issues of authority and ratification. Again, those concerns appear to be the crux of the cross-claims not yet litigated.

There being no genuine issue of material fact and the Bank being entitled to judgment as a matter of law, *Westgate Families v. County Clerk,* 100 N.M. 146, 148, 667 P.2d 453, 455 (1983), we affirm the trial court's entry of summary judgment in favor of the Bank and the foreclosure proceeding that followed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.